DANIEL J. M. WALKER et al., Appellants, *v.* OSEE WELCH et al., Appellees.

APPEAL FROM JO DAVIESS.

Where a demurrer is overruled, and withdrawn, and leave given to plead, it will be considered as abandoned, and complaint of any decision made upon it will not be heard.

It is too late to interpose a dilatory defence after answering to the merits of the action.

Where a declaration describes an appeal bond to be payable on demand, but proceeds to set forth the condition at large, by showing the true character of the bond, so that no surprise ensues to the defendant, the bond may be offered in evidence, although it is not payable on demand, but on the affirmance of the judgment.

In a suit by attachment, in which a great number of articles are seized, the rent of a room in which to preserve those articles, until a bond shall be given, may be properly taxed as costs.

THE facts of this case will be found in the opinion of the court. The cause was heard before SHELDON, Judge, and judgment was rendered at November term, 1852, of the Jo Daviess Circuit Court. The defendants in the court below appealed.

J. P. STEVENS and B. C. COOK, for appellants.

HIGGINS & STROTHER, for appellees.

TREAT, C. J. The overruling of the demurrer to the declaration is assigned for error. This assignment cannot be considered. The record shows, that the demurrer was overruled on the 2d of December; and that the defendants, on the 6th of the same month, obtained leave to withdraw it, and plead on the following day. They thereby abandoned the demurrer, and could not afterwards complain of any decision made upon it. On the 7th of December, the defendant Walker filed a plea in abatement, which was properly stricken from the files. It was too late to interpose a dilatory defence, after answering to the merits of the action. The defendant Partridge then pleaded

*non est factum*, and a jury was sworn, as well to try this issue, as to assess the damages against Walker. The action was on an appeal bond, conditioned for the payment of a certain judgment, in the event it should be affirmed in the Supreme Court. The declaration, after stating the execution of the bond, and describing it as payable on demand, proceeded to set forth the condition at large, and then averred that the judgment had been affirmed, and assigned for breach the non-payment thereof. The bond offered in evidence was in the usual form of an appeal bond. The defendants objected to its introduction, because it did not correspond with the one described in the declaration. It was admitted by the court, and that decision is assigned for error. We think there was no substantial variance. The obligation was not strictly payable on demand, but it was payable on the affirmance of the judgment. The declaration, however, showed the true character of the bond, so that the defendants were not in the least surprised by its introduction. The bond offered in evidence was fully identified and described in the declaration. The mere statement that the obligation was payable on demand was clearly inconsistent with the full description of it in the declaration, and might well be disregarded as surplusage.

The suit in which the bond was given was a proceeding by attachment, in which a great number of articles of personal property were seized by the sheriff. He rented a room, in which he kept these articles, until the appeal bond was executed, when he delivered them to the defendant in attachment. He paid for the use of the room $23.33, which amount the clerk taxed as part of the costs of the cause. The money was necessarily expended in securing and keeping the property; and the expense of storing it in a warehouse would have been much greater. After the plaintiffs had introduced the fee bill in evidence, the defendants moved to exclude this item. The motion was denied, and that decision is complained of. By the terms of the bond, the obligors undertook, upon the happening of a certain contingency, to pay the judgment, and all the costs that had accrued in the case. Their liability was fixed by the affirmance of the judgment. The item in question was a part of the costs necessarily made in the case. It was properly taxable under § 15, ch. 41, R. S., which provides that the necessary expenses of keeping perishable property shall be allowed by the court out of which the process issues.

The judgment is affirmed.

*Judgment affirmed.*