## S. S. STEARNS

*v.*

## WILLIAM COPE.

*Filed at Springfield March 26, 1884.*

1. PLEADING—*of the declaration—in suit on arbitration bond.* In an action on an arbitration bond, for not performing its condition, it is not necessary for the declaration to set out the submission, and aver that the arbitrators considered and decided all matters submitted to them. It is sufficient to aver generally that the differences agreed to be arbitrated, as recited in the condition of the bond, were in fact submitted to the arbitrators; that the arbitrators, in pursuance of such submission, made and published their award, setting it out, and that the principal obligor, upon request, refused to abide by and perform it.

2. PLEADING AND PRACTICE—*carrying demurrer back—exception to the rule.* While it is a general rule of pleading that the court will carry a demurrer back and sustain it to the first faulty pleading in the line of the pleading demurred to, yet the rule has its exceptions, one of which is, that the court will not carry the demurrer back to a pleading of the adverse party to which a demurrer has already been overruled.

3. SAME—*waiver of demurrer—by pleading over.* A party by pleading over waives his demurrer, and admits the sufficiency of the pleading to which the demurrer was interposed.

4. SAME—*defects reached by motion in arrest of judgment after demurrer overruled.* If a declaration is so fatally defective as not to support a judgment for the plaintiff, the defect may be availed of by a motion in arrest of judgment, even after a demurrer thereto has been overruled.

5. PRACTICE IN THE SUPREME COURT—*as to what may be assigned as error.* A party can not be heard to complain of an error that works him no injury, or is in his favor; and this principle applies with the same force to arbitrations as it does to proceedings in a court of justice.

6. ARBITRATION AND AWARD—*of the award—its requisites, as showing that all matters submitted are determined.* Where several distinct matters, not consisting of mere money demands, are submitted to arbitration, the arbitrators must consider, and by their award finally settle and dispose of, all such matters in difference; and this must appear from the award itself, or it will be void.

7. But when the controversy relates to cross money demands, whether in suit or not, or where, in any case, the circumstances are such that the arbitrators will be warranted in requiring the party who, upon the whole, appears to be in default, to pay to the other a sum of money in gross, it is not necessary, nor is it the better practice, for the award to show upon its face how the result was reached,— or, in other words, how each item of their respective demands was disposed of. In such case the awarding of a gross sum of money will be presumed to be a full adjustment of all matters of difference embraced in the submission.

8. SAME—*although the award be void in part, may be good otherwise.* The law is well settled that when an award is good in part and bad in part, and the two parts are severable and not in any manner dependent on each other, the award may be sustained in so far as it is valid, and rejected as to the residue.

9. SAME—*suit upon arbitration bond—failure of arbitrators to pass on all matters submitted, is a matter of defence.* In an action on an arbitration bond, if the arbitrators failed to consider all the matters submitted, and such failure was not occasioned by the neglect of the complaining party to furnish the necessary proof relating thereto, this is a matter of defence to be set up by a proper plea. Whether arbitrators have done their duty in this respect is a question of fact.

10. SAME—*as to awarding costs, when no costs are claimed.* In an action upon an arbitration bond, conditioned for the performance of an award when made, in which no costs of arbitration were sought to be recovered, but only the sum of money awarded from the principal in the bond to the plaintiff, the defendant (the surety) pleaded that the arbitrators, in awarding costs against the principal obligor, exceeded their power and authority under the terms of the submission, whereby the whole award was void: *Held,* that the plea presented no defence to the action, and was bad on demurrer.

11. PLEADING AND EVIDENCE—*not necessary to prove matters admitted by the pleadings.* In an action upon an arbitration bond, where the execution of the bond and submission are not put in issue by the pleas, there is no occasion for introducing them in evidence at all.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of
McDonough county; the Hon. JOHN H. WILLIAMS, Judge, pre-
siding.

William Cope brought to the February term of the McDon-
ough circuit court an action of debt upon an arbitration bond,
against Francis T. Emery and S. S. Stearns, the latter being
a surety thereon.   The bond is in the penal sum of $6000,
and is subject to a condition wherein it is recited that cer-
tain differences had arisen between Emery and Cope, which
they, by articles of agreement, had that day agreed to sub-
mit to the arbitrament and award of certain arbitrators
therein mentioned, and that if the said Emery, his executors,
etc., should abide by and perform the award, and should pay
to Cope, his executors, etc., whatever sum of money might
be awarded to him, or them, by the said arbitrators, or a
majority of them, the bond was to be void.                      ·

Emery not being served with process, Stearns filed three
pleas to the declaration, which contained but one count.
The first alleges that the arbitrators did not make an award
according to the submission in the declaration mentioned.
The second plea is like the first, except that it sets up, by
way of recital, the details of the submission with greater
particularity, and then concludes with the averment that the
arbitrators refused to hear and determine of and concerning
the matters submitted to them, specifying the particulars
wherein they had failed to do so.   The third plea, after set-
ting out a part of the arbitration proceedings, including the
award of the arbitrators, wherein it appears they required
Emery to pay a specified sum of money *and the costs of arbi-*
*tration,* then avers "that said arbitrators, in and by their said
award, in the awarding of costs against said Emery exceeded
their power and authority under and by virtue of their said
submission, wherefore the whole of said award made by said

arbitrators under said submission is wholly null and void,"
etc. Issues of fact were joined on the first and second pleas,
and the court sustained a demurrer to the third. By agree-
ment of parties, the cause was tried by the court without
a jury, resulting in a judgment for plaintiff of $1383, the
amount of the award, which, on appeal to the Appellate Court
for the Third District, was affirmed, and the case comes here
by appeal from that court.

Mr. E. E. CHESNEY, Mr. C. F. WHEAT, and Messrs. PREN-
TISS & BAILEY, for the appellant:

Where several matters of difference are submitted, if the
arbitrators omit to decide any one of them, the award is void.
*Randall* v. *Randall,* 7 East, 81; *Emery* v. *Hitchcock,* 12
Wend. 156; *Karthaus* v. *Ferrer,* 1 Pet. 222; *Houston* v. *Pol-
lard,* 9 Metc. 164; *Shirley* v. *Shattuck,* 4 Cush. 472; *Hay-
ward* v. *Phillips,* 1 N. & P. 288; *Whetstone* v. *Thomas,* 25 Ill.
361; *Busse* v. *Agnew,* 10 Bradw. 530.

This being so, the declaration should have set out the sub-
mission, and averred that the arbitrators considered and acted
upon all the matters in it, and the demurrer to the third plea
should have been carried back and sustained to the declara-
tion.

An award is not like a judgment, settling all differences
between the parties. If the arbitrators did not decide upon
the counter claim or all the specific matters submitted, it is
no bar. *Pritchard* v. *Daley,* 73 Ill. 523.

Arbitrators appointed by a submission at common law
have no authority to award concerning costs, unless the sub-
mission gives it. *Peters* v. *Pierce,* 8 Mass. 399; *Alling* v.
*Munson,* 2 Conn. 696; *Vose* v. *Howe,* 13 Metc. 243; *Shirley*
v. *Shattuck,* 4 Cush. 470.

An award is invalid unless it comprehends all the matters
submitted. *Wright* v. *Wright,* 5 Cow. 197; *Hubbard* v. *Fair-*

*man,* 29 Ill. 90; *Tucker* v. *Page,* 69 id. 181; Watson on Arbitrations, 121.

· A plea of no award, means according to the submission. *Fisher* v. *Pimbley,* 11 East, 193.

Mr. W. H. NEECE, and Messrs. TUNNICLIFF & BACON, for the appellee:

No costs were sought to be recovered. The arbitrators had the right, as an incident to the authority conferred, to pass upon the question of costs; but if they had not, that part of the award relating to costs was surplusage, and void to that extent. An award may be good in part, and void in part. *Nichols* v. *Rensselaer County Ins. Co.* 22 Wend. 125; *Strong* v. *Ferguson,* 14 Johns. 162; *Cox* v. *Jagger,* 2 Cow. 638; *Bacon* v. *Goodrich,* 1 id. 117; *Doke* v. *James,* 4 N. Y. 568; *Boughton* v. *Seamans,* 16 ·id. 392; *Lyle* v. *Rodgers,* 5 Wheat. 394; *Hartland* v. *Henry,* 44 Vt. 593; *Witcher* v. *Witcher,* 49 N. H. 176; *Brown* v. *Warnock,* 5 Dana, 492.

In the absence of fraud the law will presume the arbitrators considered all the evidence, and allowed such items to the respective parties as they considered proven. *Hadaway* v. *Kelly,* 78 Ill. 286.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

Several questions of law arise on this record, none of which present any serious difficulty. We will consider first the ruling of the court in sustaining the demurrer to the third plea. . This plea is framed, as we suppose, upon the theory the award is void as to the costs of arbitration, either because of the uncertainty of the amount required to be paid, or on the ground they were not embraced within the submission, and that the arbitrators therefore had no power or authority to make any award concerning them, and that being void in part it is void as a whole. In the view we take of the question it is not necessary to stop to consider

whether arbitrators, as a mere incident to their power to adjust and determine the matters embraced in the submission, may not make such an order in respect to costs, for it may be conceded for the purposes of the present inquiry that the award, so far as the costs are concerned, is invalid on both the grounds suggested, and yet it does not necessarily follow the plea presented any defence to the action. The costs are not sought to be recovered in this suit, and the fact the award concerning them is invalid,—conceding it to be so,— does not, in our judgment, afford any reason why the residue of the award, to which that objection does not apply, should not be performed. The fact that the award is invalid to that extent but relieves Emery and his surety from the payment of a sum of money they would otherwise have to pay, hence, so far as this suit is concerned, neither of them has any right to complain. If by this suit Emery were seeking to recover from Cope for a refusal to perform some requirement of the award on his part, and the latter, instead of Emery or his surety, was now urging this objection, and putting his refusal to perform on the ground it would be unjust to make him fully perform the award on his part, when, by reason of its illegality in the respect mentioned, it could not be fully enforced on the other side, and the law is as is assumed by the plea, a different question would be presented. In the case supposed, the defence would have at least the merit of plausibility, but under the facts as here shown, the plea clearly presented no defence to the action, and the demurrer to it was properly sustained. It is a rule of law, as well as of common sense, that a party will not be heard to complain of an error that works him no injury. *A fortiori*, he can not take advantage of such an error when, as is the case here, it is manifestly in his own interest. This principle applies with the same force to arbitrations that it does to proceedings in courts of justice. (6 Wait's Actions and Defences, 526.) The law is well settled that where an award

is good in part and bad in part, and the two parts are severable, and not in any manner dependent on each other, the award may be sustained in so far as it is valid, and rejected as to the residue. Ibid. 548.

It is urged, however, that conceding the third plea was bad, the demurrer should have been carried back and sustained to the declaration. If, as contended, the declaration is bad in substance, the appellant should have stood by the demurrer which the court overruled, to the declaration itself. While it is a general rule of pleading that the court will, on demurrer, regard the whole record as open, and carry the demurrer back and sustain it to the first faulty pleading in the line of the pleading demurred to, yet this rule has a number of well defined exceptions, one of which is, the court will not, in carrying the demurrer back, sustain it to a pleading of the adverse party to which a demurrer thereto has already been overruled. (*Culver* v. *Third National Bank*, 64 Ill. 528.) The party demurring, by pleading over, waives the demurrer, and admits the sufficiency of the pleading to which the demurrer was interposed. *Walker* v. *Welch*, 14 Ill. 277; *American Express Co.* v. *Pinckney*, 29 id. 392.

If, however, a declaration is so totally defective as not to support the judgment, that may be availed of by a motion in arrest, even after a demurrer thereto has been overruled, and the defendant has pleaded over. By the motion in arrest, in this case, the sufficiency of the declaration to sustain the judgment is therefore directly presented. The objection urged to the declaration is, that it should have set out the submission, and then averred "that the arbitrators considered and decided all matters submitted to them." This was not necessary. The action is on the bond, and not on the award, and therefore it was sufficient for the plaintiff to aver generally that the differences agreed to be arbitrated, as recited in the conditions of the bond, were in fact submitted to the arbitrators; that the arbitrators, in pursuance of such sub-

mission, made out and published their award, setting it out, and that Emery, upon request, refused to abide by and perform it. This the declaration does, and we think it is sufficient to put the defendant on his defence. In short, we are of opinion the declaration is not only good on a motion in arrest of judgment, but upon general demurrer also. If the arbitrators did not consider all the matters of difference between the parties, as is claimed, and such failure was not occasioned by the neglect of the complaining party to furnish the necessary proof relating thereto, that was matter of defence, and should have been, as it really was, presented by proper pleas. Whether the arbitrators did their duty in this respect was a matter of fact for the consideration of the judge who tried the cause, and the Appellate Court, which has been conclusively settled against the appellant, and it is hardly necessary for us to say we are not permitted to reconsider it here.

It is also objected the trial court erred in admitting in evidence the bond, submission and award. We perceive no force in any of the reasons assigned for the exclusion of these instruments of evidence, or either of them. So far as the bond and the submission are concerned, their execution was admitted by the pleadings, hence there was no occasion for introducing them in evidence at all; but as to the award, the contention is, that it is absolutely void, because it does not show affirmatively the particular matters passed upon by the arbitrators, and that they were all the matters embraced in the submission, and being void, for this and other reasons heretofore stated, the so-called award should have been excluded. We fully recognize the rule that where several distinct matters, not consisting of mere money demands, are submitted to arbitration, the arbitrators must consider, and by their award finally settle and dispose of, all such matters in difference; and this must appear from the award itself. (*Tucker* v. *Paige*, 69 Ill. 179; *Buntain* v. *Curtis*, 27 id. 374.)

For instance, if the controversy and submission relate to the ownership of several distinct pieces of property, and the arbitrators, notwithstanding evidence is offered by the parties as to all of them, should nevertheless only pass upon and determine the question of title as to one or more of the pieces, without making any disposition of the controversy as to the others, the award in such case would be clearly void. Many other illustrations of the principle might be given, but this one will suffice. Where, however, the controversy relates, as in the present case, to cross money demands, whether in suit or not, or where, in any case, the circumstances are such that the arbitrators will be warranted in requiring the party who, upon the whole, appears to be in default, to pay to the other a gross sum of money, it is not necessary, nor is it the better practice, for the award to show upon its face just how the result was reached,—or, in other words, how each item of their respective demands was disposed of. It is sufficient if the award is responsive to, and is fairly embraced within, the submission. The awarding of a gross sum of money in such case will be presumed to be a complete adjustment of all matters of difference embraced in the submission, and this view is well sustained by authority. *Weed* v. *Ellis*, 3 Caines, 253; *Baspole's case*, 8 Co. 97b; *Walmough* v. *Holgate*, 2 Vent. 221; *Patton* v. *Baird*, 7 Ired. (N. C.) Eq. 255; *Blossom* v. *Van Amringe*, 63 N. C. 65.

The claim that the arbitrators considered and passed upon the matters involved in Cope's suit against Emery, and not upon those involved in the latter's suit against Cope, is wholly unwarranted by anything appearing on the face of the award, or other papers in the cause. The award makes no special reference to either of the cases, and so far as anything appears on the face of it, there is just as much to show one was considered as the other. The presumption is that the matters in controversy in both suits were considered and fully determined by the arbitrators, as expressed in their

award, and, as before shown, this fact having been put directly in issue by the pleadings, it must be regarded as conclusively settled against the appellant.

The judgment will be affirmed.

.     *Judgment affirmed.*