## Aaron Mayer v. Mattie S. Lawrence.

1.  PRACTICE—*Motion in Arrest after Demurrer, etc.*—After a judgment on demurrer there can be no motion in arrest for any exception which might have been taken on the demurrer.

2.  PLEADING—*Misjoinder of Counts.*—Where counts in assumpsit and debt were joined in the same declaration, to which the defendant pleaded after his demurrer was overruled, *it was held* on appeal that the misjoiner was not a sufficient cause for reversal.

3.  RENT—*Action for—Averments and Proof.*—In an action for rent it is not necessary to aver or prove that the lessee personally entered upon or used and occupied the premises before he can recover under the lease.

4.  PRACTICE—*Erroneous Ruling on a Demurrer, When Not Reversible Error.*—A defendant will not be permitted to complain of the sustaining of a demurrer to his plea when he has had the advantage of the same defense under other pleas.

5.  APPELLATE COURT PRACTICE—*Instructions Not Contained in the Abstract.*—The Appellate Court will not consider the instructions where those given by a complaining party are not contained in his abstract.

6.  CUSTOM—*When it Does Not Prevail.*—A custom can not be permitted to prevail against the unqualified and unequivocal terms of a written contract.

Mayer v. Lawrence.

Debt, for rent. Appeal from the County Court of Gallatin County; the Hon. D. M. KINSALL, Judge, presiding. Submitted at the August term, 1894. Affirmed. Opinion filed March 23, 1895.

JESSE E. BARTLEY and McKERNON & MILLSPAUGH, attorneys for appellant.

CARL ROEDEL, attorney for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This was an action of debt, in which the pleader inadvertently used the word promise instead of agree, in the second count of the declaration, which is a common count and not a special count. Hence, it is insisted that the trial court erred in not sustaining the motion in arrest of judgment on the ground of a misjoinder of counts in the declaration, the first count being in debt and the second in assumpsit.

A general demurrer was filed to the declaration and overruled, whereupon the appellant pleaded in bar to the whole declaration. The parties concede that appellant afterward sought to raise the question of misjoinder by motion in arrest of judgment. The case will be considered on this supposition, although the bill of exceptions does not fully sustain the concession. The fact is immaterial, for " it is a well settled principle that, after a judgment on demurrer, there can be no motion in arrest for any exceptions which might have been taken on arguing the demurrer." American Express Co. v. Pinckney, 29 Ill. 392; I. O. M. A. v. Paine, 122 Id. 625; C. & E. I. R. R. Co. v. Hines, 132 Id. 161.

In cases where a contrary practice seems to have prevailed, it will be found that no demurrer was interposed to the declaration, as in Cruikshank v. Brown et al., 5 Gilm. 75 and McGinnity v. Laguerenne et al., Id. 101, or, what is practically the same thing, that the demurrer was stricken from the files on plaintiff's motion, as in Guinnip v. Carter, 58 Id. 296. In Adams v. Hardin, 19 Ill. 273, no demurrer was filed to the declaration, and the question was whether a demurrer to the plea should be carried back and sustained to the dec-

laration. In so far as a different doctrine is announced in
Stears v. Cope, 109 Ill. 340, this case is overruled by the
Hines case above cited.

Under these authorities the court did not err in over-
ruling the motion in arrest of judgment. This being true,
the question arises, should this court reverse the judgment
on appeal on the ground of a misjoinder of counts, when it
was not error in the trial court to overrule the motion in
arrest of judgment, and when appellant did not stand by the
demurrer to his declaration, and thus save the point for pre-
sentation in this court? Such a misjoinder of counts as ap-
pears in the record before us is a technical objection at best,
absolutely without real merit, and should not be consid-
ered as ground for reversal in the absence of clear author-
ity requiring such action. In the cases in 5 Gilman, where
the judgment was reversed for a misjoinder of counts, this
action was taken reluctantly and apologetically by the
court. We think the rule announced by the Supreme Court
should not be extended beyond the strict letter of the de-
cisions. It is true that this court has a right to determine
on error or appeal whether or not the declaration is suffi-
cient in substance to sustain the judgment, and this under
the authority of the Hines case and without regard to the
action of the trial court on demurrer to the declaration or
motion in arrest of judgment. But we think that the mis-
joinder of counts under such a state of facts as is disclosed
by this record, is not such a substantial defect of the decla-
ration as requires this court to reverse the judgment when
there is no available exception to any ruling of the trial
court upon the subject.

The next point presented is that the declaration, although
averring that appellee leased certain premises to appellant
for one year, in consideration of which leasing appellant
agreed to pay appellee $450 for the rent of said premises at
the expiration of the term, nevertheless fails to aver an entry
on the premises, or the use and occupation thereof by appel-
lant. It is admitted in appellant's argument that if the
words, "for the rent of said premises," did not occur in the

Mayer v. Lawrence.

declaration, and the averment was simply that appellant agreed to pay in consideration of the leasing, the count would be sufficient.

Our attention has been directed to no authority sustaining this distinction. It is a distinction without a difference. The fact is, as shown by the evidence, that appellant rented the premises for the use of Lamison, who did enter upon and use and occupy the premises during the term. Surely appellee was not required to allege or prove that the lessee named in the lease personally entered upon or used and occupied the premises before he could recover under the lease. 1 Chitty on Pleadings, marginal page 368, and 2d Id., marginal page 551, note y.

It is also urged that the court erred in sustaining the demurrer to the amended fourth plea. This plea alleged in substance that the premises were leased by parol for one year by appellee to Lamison, who took possession thereof and used and occupied the same during the term; that at the time of the leasing, for the purpose of defrauding Lamison's creditors, it was agreed by appellee and Lamison that the lease should be made to appellant; and that the lease to appellant was made in pursuance of this agreement and was without consideration. If the plea had alleged that the agreement with reference to defrauding Lamison's creditors was made by the three—that is, by appellant, appellee and Lamison, the defense thus presented would have been contained in substance in the other pleas on which issues were joined, and the ruling of the court in sustaining the demurrer to the fourth plea, would not be reversible error. Warner v. Crane, 20 Ill. 148; Stevenson v. Sherwood, 22 Ill. 238; Mann et al. v. Oberne et al., 15 Bradw. 35.

But the plea does in effect aver that appellant was a party to this fraudulent agreement. The facts set forth in the plea can not be true and appellant be innocent of complicity with Lamison and appellee in the fraud. In disposing of the point under consideration, appellant should be held to have averred what he has averred in effect, and by necessary inference, and should not be permitted to complain of the ruling of the court in sustaining the demurrer to his

fourth plea when he has had the benefit of the defense under other issues joined in the case.

It is said that the court erred in giving, refusing and modifying instructions. The abstract contains the instructions given for appellee, but does not contain the instructions given for appellant, which occupy six or seven pages of the record. If there were any inaccuracies in the instructions given for appellee, the error may have been cured by instructions given for appellant. The substance of appellant's refused instructions may be found in those given for him. We decline, in this case, as we have done in other cases heretofore, to consider the instructions where those given for the complaining party are not contained in the abstract. We hold, also, that the trial court properly refused to permit appellant to show that, in times of overflow of lands in the vicinity of these premises, it was customary to take one-third of the crop as rent in lieu of the stipulated rent. The offer of this evidence was not broad enough to establish the requisites of a custom. Besides, the custom, if proved, could not be permitted to prevail against the unqualified and unequivocal terms of the lease sued upon in this case.

It may be remarked, in conclusion, that the evidence, though conflicting, unquestionably justifies the verdict.

The judgment is affirmed.