## Illinois Live Stock Insurance Company v. R. B. Kirkpatrick and Ed. Manifold.

1. INSURANCE—*Conditions of the Policy.*—A condition in a policy of live stock insurance providing that the company will not be liable for losses if the assured, in case of sickness or accident to the animal insured, fails to give immediate notice to the secretary of the company of such sickness or accident, together with the name and address of the veterinarian employed, is a condition binding on the parties and reasonable in its terms.

2. SAME—*What is Not a Waiver of Conditions.*—The fact that a live stock insurance company, on being notified of the sickness of an animal, sent a surgeon to examine it, is not a waiver of the condition of the policy, nor is the sending of an adjuster after its death and receiving proofs of loss.

3. PLEADING—*Defective Declaration.*—If a declaration is so fatally defective as not to support the judgment, it may be taken advantage of by a motion in arrest or upon error.

4. EVIDENCE—*When the Sufficiency of, May be Questioned on Error.*—If a declaration fails to state a cause of action and all the facts therein are proved, and no more, the sufficiency of the evidence to support the judgment may be questioned on error.

**Assumpsit,** on a policy of insurance. Appeal from the County Court of Hancock County; the Hon. DAVID E. MACK, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded. Opinion filed November 15, 1895.

SHARP & BERRY BROS., and G. W. KRETZINGER, attorneys for appellant, contended that the strict performance of the condition is a precedent to the right to recover.

The general rule in regard to what constitutes a warranty in a contract of insurance is well settled. Any statement or description, or any undertaking on the part of the insured on the face of the policy, which relates to the risk, is a warranty. Wood et al. v. Hartford Fire Ins. Co., 35 Am. Dec. 92; Stout v. City Fire Ins. Co., 79 Am. Dec. 543; Duncan v. Sun Fire Ins. Co., 4 Wend. 488; 11 A. & E. Ency. of Law, 290; 1 May on Insurance, 290.

A warranty is an agreement in the nature of a condition precedent, and like that, must be strictly complied with, and it makes no difference whether the fact stated or the

act stipulated for, be material to the risk or not.   1 May on Ins. 293; 11 A. & E. Enc. of L., 291; Thomas v. Fame Ins. Co., 108 Ill. 91; Farmers Ins. Co. v. Snyder, 30 Am. Dec. 118; Ripley v. Ætna Ins. Co., 86 Am. Dec. 362; Fowler v. Ætna Ins. Co., 16 Am. Dec. 460; Mutual Benefit Life Ins. Co. v. Robertson, 59 Ill. 126.

A breach of a warranty in a policy relieves the insurer from any liability, whether the risk was increased or diminished.   The only question is, has the warranty been kept? There is no room for construction, no latitude, no equity. If the warranty be a statement of facts, it must be literally true; if a stipulation that a certain act shall or shall not be done, it must be literally performed.   2 May on Ins., 293 and 294; Wood et al. v. Hartford Fire Ins. Co., 35 Am. Dec. 92.

"No cause, however sufficient, no motive, however good, no necessity, however irresistible, will excuse non-compliance with an express warranty.   If it be not in fact complied with, the policy is void."   Barber on Insurance, page 92; 1 Arnold on Insurance, Sec. 584; Imperial Fire Ins. Co. v. Coos County, 151 U. S. 461.

O'Harra, Scofield & Hartzell, attorneys for appellees, contended that the company having knowledge of the sickness and character of notice given, and then demanding proofs of loss, have waived this condition of the policy requiring notice to be given at once, and hence it was not necessary.   German Fire Ins. Co. v. Grunert, 112 Ill. 76; May on Insurance, 504a; Rockford Ins. Co. v. Travelstead, 29 Ill. App. 654.

Adjustment in insurance to the determining of the amount of the loss.   Bouvier's Law Dictionary; 2 Phillips on Ins., Par. 1814 and 1815.

Preliminary proofs of loss is simply the statement as required by the policy.   2 Phillips on Ins., Ch. 20; Bouvier's Law Dictionary.

Mr. Justice Wall delivered the opinion of the Court. This is an appeal from a judgment of $300, upon a policy

of insurance issued by the appellant to the appellees upon he life of a valuable horse, which died during the term covered by the policy.

The defense was based upon the following provision of the policy : " This company will not be liable for losses occurring through negligence or carelessness of the assured, nor for any animal, whose age shall be found to be different from that named in the application, nor if the assured, in case of sickness or accident to the animal or animals hereby insured, shall fail to render at once notice to the secretary of the company of such sickness or accident, together with the name and address of veterinary employed."

The horse first showed sign of sickness on July 1, 1894. He did not improve, but rather grew worse until the fifth, when a veterinary surgeon was called in. The indications became more unfavorable from day to day until the ninth, when one of the owners notified the company by mail. On the tenth the company sent a surgeon to examine the horse. This surgeon was of opinion the case was hopeless, and somewhat criticised the previous treatment, but went away leaving the former surgeon in charge. On the 13th the horse died.

Very clearly, the condition above quoted was not complied with. But it is claimed the action of the company in sending a surgeon to examine the horse and his action, together with that of the adjuster, in asking and receiving proofs of loss, amounted to a waiver on the part of the company of this condition. The letter of the 9th, informing the company that the horse was sick, read as follows:

Bank of LaHarpe, Manifold and Kirkpatrick, Bankers,
LaHarpe, Illinois, July 9, 1894.

Illinois Live Stock Insurance Company—Gents: I write to inform you that Trego is sick, with what the veterinary says is due to indigestion. Has been very sick, but we think is some better now, and if he don't have some set back, we think he is in a fair way to recover.

Yours,

R. B. Kirkpatrick.

Upon its receipt the company, by wire, asked for the condition of the horse and whether they should send a surgeon,

Illinois Live Stock Ins. Co. v. Kirkpatrick.

to which a reply by wire was sent saying the horse was no better, that company should do as it thought best about sending a surgeon, and that there were two then in attendance.

Whereupon the company sent the surgeon as already stated. What there is in the action of the company so far, to waive the condition referred to, is not apparent.

The company did not know how long the horse had been sick nor what was the ailment. It had a perfect right to send a surgeon to ascertain the condition and to do what he could toward a cure.

In so doing it waived nothing. Nor was there a waiver in the action of the adjuster in receiving or even asking the formal proofs of loss. We do not care to discuss the cases cited by appellees which are thought to be analogous and to support their position in this respect. This contract contains an express provision binding on the parties, reasonable in its terms and inserted for the protection of the insurer.

It has a right to rely upon it and it is the duty of the court to enforce the contract as the parties have made it. The court should not be asked to strain the language employed or unreasonably to resort to the doctrine of waiver in order to support a recovery.

Counsel for appellees insist the proof supports the third count, and that by pleading over after demurrer it is too late now to urge an objection to that count.

If, however, a declaration is so fatally defective as not to support the judgment the defect may be availed of by motion in arrest. A defectively stated cause of action may be aided by verdict but when no cause of action is stated the defect in the declaration will not be so cured and the objection may be urged in arrest or on error. Stearns v. Cope, 109 Ill. 340; Tidd's Practice, 919-20.

Hence, if a declaration fails to state a cause of action, and all the facts therein alleged are proved, and no more, the sufficiency of the evidence to support the judgment may be questioned on error.

The third count, so relied on, whether good or not,

averred that the aduster, after becoming fully conversant with all the facts and circumstances, etc., demanded and received the proofs of loss.

But we find no proof that the adjuster had such knowledge or that he made such demand.

The instructions of the court to the jury proceeded upon a view directly opposite to that above announced. In our opinion the judgment is erroneous. It will be reversed and cause remanded.