## Story & Clark Organ Co. v. L. Rendleman et al.

1. APPELLATE COURT PRACTICE—*No Exceptions in the Court Below.*—The sufficiency of the evidence to support a verdict can not be questioned when no exception to the action of the court below, in overruling a motion for a new trial, has been preserved in the bill of exceptions.

2. SAME—*Sufficiency of Pleas.*—When a party, instead of abiding by his demurrer, replies to a plea, goes to trial on the issue thus joined and does not raise the question of the sufficiency of the plea thereafter by duly preserved exceptions to the action of the court in overruling a motion in arrest of judgment (where the question can be raised in this manner after judgment on demurrer) he can not raise the question of such sufficiency in the Appellate Court.

3. PRACTICE—*Motion in Arrest After Judgment on Demurrer.*—After a judgment on demurrer there can be no motion in arrest for any exceptions which might have been taken on the demurrer.

4. SAME—*Plea of Recoupment—General Issue.*—It is not error to sustain a demurrer to a plea of recoupment where this defense can be made under the general issue which is pleaded.

**Assumpsit,** on a promissory note. Appeal from the County Court of Union County; the Hon. MONROE C. CRAWFORD, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

HILEMAN & SESSIONS, attorneys for appellant.

KARRAKER & LINGLE, attorneys for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The sufficiency of the evidence to support the verdict can not be questioned in this court, for the reason that no exception to the action of the court below in overruling the motion for a new trial has been preserved by bill of exceptions.

The sufficiency of the second plea of Frank and Henry Rendleman can not be questioned, for the reason that appellant, instead of abiding its demurrer when the same was overruled, replied to the plea and went to trial upon the issues thus joined, and did not raise the question of the sufficiency of the plea thereafter by duly preserved exceptions to the action of the court in overruling the motion in arrest of the judgment, even if the question could have been raised in this manner after judgment on demurrer. It has been held in this court that, after a judgment on demurrer, there can be no motion in arrest for any exception which might have been taken on the demurrer. See Mayer v. Lawrence, 58 Ill. App. 194, and authorities therein cited.

The objection to the instructions for appellees, that they are framed upon the theory of the sufficiency of the second plea, will not be considered, for the reason that the instructions given for appellant are based upon the same theory.

There was no substantial error in the rulings of the court in admitting evidence or in refusing to give instructions.

The court did not err in sustaining a demurrer to the plea of recoupment, and especially so when it is remembered that recoupment may be proven and availed of under the general issue.

The judgment is affirmed.