City of Rock Falls v. Wells.

## City of Rock Falls v. Maggie Wells.

65 557
70 553
65 557
169s 224

65 557
100 4534

1. WAIVER—*Of Demurrer.*—A party who, after his demurrer to the declaration is overruled, pleads thereto, waives the demurrer.

2. SAME—*By Introducing Evidence, etc.*—A motion to exclude the evidence from the jury is waived by introducing evidence and not re- newing the motion to exclude it at the time of the trial.

3. PERSONAL INJURIES—*Remote and Approximate Causes.*—A per- son driving a sleigh in a street in a city, through the center of which was an old, unused electric railway, discovered coming toward her, on the same side of the track, a runaway horse attached to a buggy, and endeavored to cross over the track to avoid it; but being obstructed

by the track, was struck by the runaway horse and injured. *Held*, it was the duty of the city to keep its streets in a reasonably safe condition for travel, and having failed to do so by permitting the electric track to remain in a street, it was held liable.

4. SAME—*Combination of Approximate Causes.*—Where two causes combine to produce the injury, both in their nature proximate, the one being the defect in the highway and the other some occurrence for which neither party is responsible, such as a horse running away, the corporation is liable, provided the injury would not have been sustained but for the defect in the highway.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Whiteside County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1895. Affirmed. Opinion filed June 1, 1896.

J. W. WHITE and H. L. SHELDON, attorneys for appellant, contended that if, subsequent to the original wrongful or negligent act, a new cause intervened, of itself sufficient to stand as the cause of the injury, the former must be considered too remote, unless the original wrongful act was in and of itself a violation of some law or ordinance. T., W. & W. R. R. Co. v. Muthersbaugh, 71 Ill. 572; Shugart v. Egan, 83 Ill. 56; Schmidt v. Mitchell, 84 Ill. 195; L. Wolf Mfg. Co. v. Wilson, 152 Ill. 10; DeCamp v. Sioux City, 37 N. W. Rep. 971; Marble v. City of Worcester, 4 Gray 395; 16 Am. and Eng. Ency. of Law, 432, 433.

What is considered as a proximate cause is where the result could have been foreseen and anticipated. Fent v. T. P. & W. R. R. Co., 59 Ill. 349; Phillips v. Dickerson, 85 Ill. 11.

One who, knowing a road to be unsafe, uses it with knowledge that there was a safe road to his destination, can not recover for injuries resulting from defects in the former road. Wellman v. Borough of Susquehanna Depot, 31 Atl. Rep. 566.

When a declaration is so defective that it will not sustain a judgment, the objection may be availed of on motion in arrest in the trial court or on error in the Appellate Court. C. & E. I. R. R. Co. v. Hines, 132 Ill. 161; People v. City of Spring Valley, 129 Ill. 178.

Whether or not certain facts constitute a cause of action is purely a question of law.  C., B. & Q. R. R. Co. v. Warner, 108 Ill. 538.

J. E. McPHERRAN, attorney for appellee.

It is the duty of the city to provide for the safety of travelers in passing teams going in the same or opposite directions, and to so construct their streets and to keep them in such repair as naturally to invite the attempt to pass each other.  Quincy v. Jones, 76 Ill. 231; Chicago v. Hesing, 83 Ill. 204; Springfield v. LeClair, 49 Ill. 476; Chicago v. Gallaher, 44 Ill. 295; Chicago v. Johnson, 53 Ill. 91; Freeport v. Isbel, 83 Ill. 440.

See also Goshen Turnpike Co. v. Sears, 7 Conn. 86; Joliet v. Varley, 35 Ill. 58; Lacon v. Page, 48 Ill. 499; Pastene v. Adams, 49 Cal. 87; Stone v. Hubbardstone, 100 Mass. 49; Patten v. Chicago, etc., Ry. Co., 32 Wis. 524; Cooley on Torts, 683; LaDuke v. Township of Exeter, 56 N. W. 851; Campbell v. The City of Stillwater, 20 N. W. Rep. 320; Chicago v. Pennell, 110 Ill. 35; West v. Ward, 42 N. W. 309; W. St. P. Ry. Co. v. Shacklet, 105 Ill. 381; Consolidated I. M. Co. v. Keifer, 134 Ill. 492; Joliet v. Shufeldt, 144 Ill. 403; Palmer v. Andover, 2 Cush. 600; Kelsey v. Geloor, 15 Vt. 708.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against appellant in an action on the case to recover damages for injury resulting to her in consequence of not keeping its street in a reasonably safe condition for public travel, by reason of which she was run against by the wheel of a buggy attached to a runaway horse in the street and her left leg was broken between the ankle and knee joints, resulting in permanent injury to her leg.

The cause was tried by a jury resulting in verdict for appellee for $2,500 and judgment.

The appellant brings the case here on appeal and assigns for causes of reversal several supposed errors.

The first is, in substance, that admitting all that the evidence tends to prove, there can be no cause of action, and in connection therewith the court erred in not excluding the evidence from the jury and in not sustaining the demurrer to the declaration and in not giving appellant's sixteenth refused instruction.

The two first points were waived by appellant. The first by pleading over, and the second by introducing evidence and not renewing his motion to exclude at the end of the trial.

The 16th instruction is to the effect that " if the jury believed from the evidence that appellee got out of her conveyance, and while standing in the street sustained the injury complained of, by reason of a runaway horse attached to a buggy going westward on the street, for which runaway the city was not responsible, then the court instructs you that you should find the issues for defendant."

Inferentially it is also argued that the evidence fails to support the verdict as to the obstruction in the street, and that the appellee was not in the exercise of due care at the time the injury was received. As to these last objections we think that the evidence abundantly shows that the street was obstructed in an unreasonable manner by allowing the electric railway track to be and remain so that the ties and rails were so far above the ground as to prevent crossing without great danger with vehicles, and especially a sleigh or cutter, such as the appellee was driving, and thus leaving an unreasonably narrow street on each side the track, and also that appellee was in the exercise of care and caution for her own safety at the time of the accident.

The main argument of appellant for reversal is directed to one proposition, namely, that if, subsequently to the original wrongful act a new cause intervened, of itself sufficient to stand as the cause of the injury, the former must be considered too remote, unless the original wrongful act was in and of itself a violation of some law or ordinance. It is insisted the undisputed facts in this case bring it within the above rules, and that in legal contemplation the condition of

the appellant's street, however dangerous it may have been, was not the cause of the appellee's injury, but that the direct cause was the running away of the horse attached to the buggy.

Before we can fairly consider this proposition it will be necessary to consider the facts as the evidence tends sufficiently to show them.

On the 12th day of December, 1893, about three or four o'clock, the appellee, with her younger sister, a girl of about seventeen years of age, was driving a horse attached to a one horse sleigh or cutter in the city of Rock Falls, there being some snow on the ground, and coming from the southwest, entered North street, which was a regularly traveled street of the city. The moment she drove into the street she saw a horse coming down the street (North street), which ran east and west, and appellee was driving east on the south side of the street. She did not notice at first that the horse was without a driver, but the next instant she saw it was. She spoke to her sister about the runaway horse attached to a buggy and undertook to cross the street to the north, and got her horse on the track between the rails of the electric railway track, and her cutter stuck fast. She then jumped out of her sleigh and went to the head of her horse, with her whip in hand, in time to strike the animal as he came up. And as he came up she struck him, when he veered south to the trolley pole standing on the south side of the street. Her cutter was on the south side of the track up against the rails, and her horse was between the rails and she stood in front of her horse east of him, and the runaway horse attached to the buggy was coming west on the south side of the track, with one wheel of the buggy over the south rail of the railroad. When appellee struck him he turned south and the buggy, which slid on the railroad iron and struck appellee, threw her down and broke her leg as stated.

She tried to cross the track diagonally with her sleigh at the time she saw the horse coming, because he was on the same side of the track she was and was coming right toward

her, and she wanted to cross over to the north track so as to get out of the way of the approaching horse.

Her horse was trotting when she tried to cross, about eight feet west of an alley coming to the street at right angles from the south. She had not time or room to turn straight across the track. The horse was only a short dis-tance from her when she first saw him. The buggy wheels were in the center of the track, coming right toward her where she was standing.

The electric railway was unused and had been for about two months, and ran east and west on North street, about the center of the street longitudinally. The railway ties and track were from six to ten inches above the street level, and on the south side there was a ditch to the south of the beaten track, running from a foot and a half to three and a half feet deep, and the road on the south side was only ten or twelve feet wide, scarcely wide enough to allow teams to pass when using the utmost care. This was the condition of the place of the accident.

Admitting all appellee can, under the evidence, reasonably contend for, *i. e.*, that in order to escape collision with the runaway horse it became necessary to cross the street to the north, and she was prevented by the railroad track, and then in trying to save herself, as a reasonably prudent per-son might do, she jumped out of the sleigh and endeavored to drive the horse back, but failed, and was injured in the manner stated, and that the city was negligent in not keep-ing the street in a reasonably safe condition in respect to the railroad being too much elevated, has appellee a cause of action if she in no wise contributed to the injury by her negligence? or is the failure by appellant to keep the street in a reasonably safe condition for travel to be regarded as only the remote cause of the accident, for which it is not liable?

Those are the questions to be considered here.

It is contended by counsel for appellant that even under those conditions appellant would not be liable to appellee for the injury resulting to her from the accident.

We think, under the rule laid down, or at least within its spirit, the negligence of appellant in not keeping the street in a reasonably safe condition for travel, should, under the evidence in this case, be regarded as the cause of the injury, at least one of the concurring causes, without which the accident would not have happened.

It has been stated by our Supreme Court in a number of cases, one of which we cite (Fent v. T., P. & W. R. R. Co., 59 Ill. 349), that there are few maxims of the law which touch more closely on metaphysical speculation than this: "Proximate causes and not remote are to be looked at."

The rule itself is of universal application, but the difficulty lies in establishing a criterion by which to determine when the cause of an injury is to be considered as proximate and when merely remote.

It is laid down as a rule in the Fent case above, taken from Parsons on Contracts, Vol. 2, p. 456, 1st Ed., that " every defendant shall be held for all of those consequences which might have been foreseen and expected as the result of his conduct, but not for those which he could not have foreseen, and was therefore under no obligation to take into consideration."

In the Fent case, it was held to be a question for the jury whether the cause was remote or proximate. In that case the jury had to decide whether " the second house was so near to the first one set on fire by the railroad's negligence that in the then state of the wind and weather the destruction was a natural consequence of the burning of the first, which any reasonable person could have foreseen and would have expected."

In that case, it was a question for the jury under the circumstances; but where there is no dispute about the evidence and a mere ultimate conclusion is required to determine whether the cause of the injury is proximate or remote, it is a question of law, especially if raised by an instruction to find for defendant, or on similar motion.

For an illustration we refer to the case cited by appellant of Delano v. Bedford Marine Ins. Co., 10 Mass. 354.

It was a suit on an insurance policy declaring loss by detention. The court says: "If the vessel had been stranded and wrecked in the port of Savannah while detained there, the insurers would have been liable for the loss, but not on the averment of loss by detention; although it may be argued that the loss by shipwreck was entirely the consequence of the detention, and that, but for the embargo, the peril by which the ship had been lost (namely shipwreck) would not have been incurred."

This cause of loss was held not to be direct but remote. Such a loss as that caused by shipwreck could not be traced back and charged to the vessel being detained on its voyage. It would be too speculative and uncertain. The detention might have caused the vessel to meet the storm, or it might have met another if it had not been detained, or it might have avoided a storm by being detained. No one could contemplate that a vessel would meet a storm at any particular time. No reasonable mind could foresee any shipwreck because the vessel did not proceed on its voyage at a particular time.

But can it be said that the appellant could not have foreseen the kind of an accident which happened in this case?

It seems to us reasonable that it could; perhaps not the precise accident but those of a similar nature. The streets are made for public travel, and a city could easily contemplate that a narrow street of only ten or twelve feet wide would be traveled, and that teams would meet on it either by running away or otherwise, and that it would be necessary to cross the railroad in a hurry with buggies and sleighs.

It could have been foreseen what a dangerous position one like appellee would be in, cooped up between the ditch and railroad with a runaway team in front and no way of escape.

In some States, the cause of the injury must be the sole cause, but we do not understand that such is the law in this State. Dillon on Mun. Cor., Sec. 1007, lays down the rule thus:

"It has been held that where two causes combine to pro-

duce the injury, both in their nature proximate, the one being the defect in the highway, and the other some occurrence for which neither party is responsible, such as the accident or the horse running away beyond control, the corporation is liable, provided the injury would not have been sustained but for the defect in the highway."

In a late case the Supreme Court of this State has quoted the case of King v. The City of Cahors, 77 N. Y. 80, which the above quotation must have been taken from, and approved it. City of Joliet v. Shufeldt, 144 Ill. 403, was a case very similar in principle to the one above. The plaintiff's horse ran away before this accident, and she was thrown over a wall, and badly injured. The cause of her being thrown over the wall on the street was because it was not of sufficient height, and the streets were in defective condition. It was insisted in that case, as in this, that the defective street and wall were not the proximate cause of the injury but that it was the accident of the runaway.

The court says that the cases in Massachusetts and other States, cited to the court, hold the doctrine contended for, but the Supreme Court of this State has not followed them, citing Joliet v. Varley, 35 Ill. 58, and other cases. The court says that " the running away of the horse nor the defects in the street are alone sufficient to produce the injury, but it is produced by the combination of both, and they become therefore, in combination, the efficient and proximate causes; the causal relation is direct between the defective street occasioned by the negligence or omission of duty by the defendant, and the injury, and without any intervening efficient cause."

In this case it was no more of a phenomenal or unexpected occurrence that the horse attached to the buggy should run away than that Miss Shufeldt's horse should run away.

The horse in this case found in his flight appellee confined in a narrow portion of a street ten to twelve feet wide and unable to cross the railroad track to get out of the way, with herself and her young sister in the cutter. If

she had remained in the cutter, and been struck by the run-away team, the cause of injury would have been, as said in the case cited, a combination of the defective street and the runaway horse.

The fact of the actual impingement of the runaway horse or buggy against the person of appellee, instead of the horse causing her to come to some accident on the defective street, as in the Shufeldt case, we conceive makes no difference.

The combination of causes is the same. Whether the defective street imprisoned appellee, so that she could not escape and received the injury direct from the striking of the buggy attached to the horse, is the same as though the horse had struck her in its mad career, and thrown her over a defective street wall.

The defective street would have been one of the efficient causes of the injury, and that is all is required to authorize a recovery.

The fact that appellee got out of the cutter to try to ward off the threatened danger, after she failed to escape over the railroad track, would not operate to defeat recovery so long as she exercised the ordinary care in the matter of a reasonable person in her condition. This was one of the minor incidents of the case, and only the efforts of a frightened woman to escape danger. Her care, or want of it, in that matter was also for the jury.

Again, it was the fault of the appellant that appellee was put in the perilous position she was, by the railroad being too high above the street, and it would be no less liable than if she had made no attempt at escape, provided she used the care of a reasonable person in her circumstances. Dunham v. Towing & Wrecking Co., 143 Ill. 409.

We are aware that there was some conflict in the evidence on the question of the defective street and railroad in the street, and as to the appellee's care and caution, and perhaps other matters of fact, but we think that the evidence on all points was sufficient to support the verdict.

The court below, therefore, committed no error in re-

fusing appellant's 16th instruction. We do not think the verdict excessive; appellee had her leg badly broken, and two years elapsed before trial, and it had not yet recovered, and the medical evidence showed that she never would entirely recover in all probability.

We see no error in any of appellee's instructions or in the modification of appellant's. Seeing no error in the record, the judgment of the court below is affirmed.