## Chicago & Alton Railroad Co. v. John Clausen.

1. WAIVER—*Of Demurrer.*—If a party pleads over after his demurrer is overruled he waives the demurrer, and the ruling thereon can not be assigned for error.

2. SAME—*By Introducing Evidence, etc.*—A motion to exclude the plaintiff's evidence from the jury is waived if the defendant introduces evidence in his own behalf and does not renew the motion at the close of all the evidence.

3. ARREST OF JUDGMENT—*After Demurrer to Declaration is Over-ruled.*—After judgment overruling a demurrer to a declaration, there can be no motion in arrest of judgment for any exception that might have been taken on arguing the demurrer.

4. VARIANCE—*How Presented as a Question of Law.*—Where a motion to exclude the evidence was not based upon the ground of variance, and the bill of exceptions does not show that any evidence was objected to by the appellant, because of a variance between the proofs offered and the allegations of the declaration, no question of variance arises that can be availed of in a court of appeal.

5. NEGLIGENCE AND ORDINARY CARE—*Getting off Train While it is in Motion.*—In a suit against a railroad company for injuries received by a passenger while attempting to alight from a moving train, the jury has a right to take into consideration all the circumstances appearing in evidence and from them to determine the question of negligence on the one part and due care on the other. A court of appeal can not say that it is negligence *per se* for a passenger to attempt to alight from a moving train.

6. EVIDENCE—*In Personal Injury Cases—Exhibition of Injury to the Jury.*—In a suit for personal injuries, where the question is as to the

extent of the wound or injury it is not improper to allow the plaintiff to strip his person and expose his alleged injury to the jury that they may see for themselves its nature and extent. Matters of this nature are largely in the discretion of the trial court.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

C. C. & L. F. STRAWN, attorneys for appellant.

W. H. KETCHAM and R. S. McILDUFF, attorneys for appellee.

A party who does not abide by his demurrer, but pleads over, thereby waives the objection which he raised by his demurrer and can not thereafter be heard to insist upon it, either by motion in arrest of judgment or on error. By consenting to a trial on the merits, the party who interposed the demurrer waives any benefit he might otherwise have had from his demurrer. It is an admission of the sufficiency of the pleading to which he demurred and it also comes under the rule that dilatory matters can not be interposed after pleading to the merits. 1 Shinn's Ill. Plead. and Prac., Sec. 640, p. 785, and cases cited in note 6; Walker v. Welch, 14 Ill. 277; Dunlap v. C., M. & St. P. Ry. Co., 151 Ill. 421; Ambler v. Whipple, 139 Ill. 322; Gordon v. Reynolds, 114 Ill. 123; Sterns v. Cope, 109 Ill. 340; Gradle v. Hoffman, 105 Ill. 154.

If specific objection is not made to the admission of evidence in the trial court, by demurrer to the evidence, motion for non-suit or motion to strike out, the party will be deemed to have waived his objection. A general objection on the ground of variance to the evidence offered will not be sufficient. The objection must specifically set forth the ground relied upon in order that the party offering it may avoid the variance by an amendment of his pleading or that the party raising the objection may assign the same for error in his bill of exceptions. 2 Shinn's Ill. Plead and Prac. Sec. 819, p. 1003; the same, Sec. 895, pp. 1068–71; Har-

ris v. Shebeck, 151 Ill. 287; Betting v. Hobbett, 142 Ill. 75; C. & A. R. R. Co. v. Byrum, 48 Ill. App. 41; S. C., 153 Ill. 134.

Where an objection to evidence is such that it might be obviated by further proof or amendment and the objection is not urged at the time the evidence is offered, such objection will be deemed to have been waived. This is because the law does not permit a party to sit quietly by and let incompetent evidence be given to the jury without objection and then urge the same as error in a court of review. A case will not be reversed for objectionable evidence which might have been rendered unobjectionable had the opposite party not negligently failed to offer an objection. It is too late to object for the first time in a court of review. 2 Shinn's Ill. Plead. and Prac., Sec. 895, p. 1071; Richelieu Hotel Co. v. Mil. Encamp. Co., 140 Ill. 259; Lake Shore & M. S. Ry. Co. v. Ward, 135 Ill. 516; St. Clair County Benevolent Society v. Fietsam, 97 Ill. 474; City of Chicago v. Moore, 139 Ill. 209; Murchie v. Peck Bros. & Co., 160 Ill. 178; Chicago City Ry. Co. v. Van Vleck, 143 Ill. 483.

If the defendant moves, at the close of the plaintiff's evidence, that a verdict be directed and the motion is overruled, after which the defendant introduces evidence in defense and thereafter fails to renew his motion or ask that the evidence be excluded from the jury, the question whether, as a matter of law, there is evidence to establish the plaintiff's cause, will not arise on the record, for the plaintiff's case may have been strengthened by the evidence of the defendant and that of the plaintiff in rebuttal. 2 Shinn's Ill. Plead. and Prac., Sec. 922, p. 1091; Chicago City Ry. Co. v. Van Vleck, *supra;* Harris v. Shebek, *supra.*

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by appellee against appellant to recover damages for injuries alleged to have been received by him, while attempting to alight from one of appellant's passenger trains on which he had been

riding at Gardner, in this State, in the forenoon of November 18, 1895.

The declaration originally contained three counts, but appellee subsequently filed four additional counts. A demurrer was sustained by the court to all these counts, except the first count of the original declaration.

Appellee then filed five amended counts, to which appellant interposed a demurrer, and that being overruled by the court, the plea of not guilty was entered, and upon the issues thus joined, there was a trial by jury, resulting in a verdict in favor of appellee for $3,000. A motion for new trial being overruled, there was judgment on the verdict.

A considerable portion of the argument of counsel for appellant is devoted to the proposition that the court erred in overruling the demurrer to the amended count. It is an elementary rule, supported by an abundance of authority, that by pleading over, a party will waive the right to insist upon his demurrer. Walker v. Welch, 14 Ill. 277; Dunlop v. C., M. & St. P. Ry. Co., 151 Ill. 421; Gordon v. Reynolds, 114 Ill. 123; Ambler v. Whipple, 139 Ill. 322; Gardner v. Haynie, 42 Ill. 292; City of Rock Falls v. Wells, 65 Ill. App. 560.

Nor, in such a state of the record can the defendant prevail on a motion in arrest of judgment for any exception that might have been taken on arguing the demurrer. Ind. Order of Mutual Aid v. Paine, 122 Ill. 628, citing 2 Tidd's Prac. 825; Am. Express Co. v. Pinckney, 29 Ill. 405; Quincy Coal Co. v. Hood, Adm'r, 77 Ill. 68.

At the close of plaintiff's evidence appellant entered a motion to exclude the evidence and direct a verdict for defendant. The motion was overruled by the court, appellant excepted, and this action of the court is assigned for error.

But by introducing evidence in its own behalf, and not renewing the motion at the close of all the evidence, appellant waived its right to complain of this action on the part of the court. City of Rock Falls v. Wells, 65 Ill. App. 557.

One of appellant's assignments of error is, that there was a variance between the declaration and proofs. But, the motion to exclude the evidence, was not based upon the ground of variance, nor does the bill of exceptions show that any evidence was objected to by appellant because of a variance between the proof offered and the allegations of the declaration. We think therefore that no question of variance arises on the record that can be availed of in this court. Harris v. Shebeck, 151 Ill. 287.

The principal difficulty we have had in this case, has been upon the questions of fact, it being strongly insisted by appellant, that the evidence fails to show negligence on its part, and that it does show such a want of due care on the part of appellee as to preclude his right of recovery. To these questions we have given much care, and have reached the conclusion that it is not our duty to disturb the finding of the jury upon these points. The verdict is certainly not so manifestly against the weight of the evidence as to strike the mind at first blush as being clearly wrong. There was evidence from which the jury may have been warranted in believing that the appellant negligently started its train without giving appellee sufficient time to alight.

The evidence shows that the train did not stop longer than thirty seconds, or from that to one minute, according to the various estimates of the witnesses. Appellee appears to have reached the door of the car in which he was riding at about the time the train stopped. Passengers immediately began to get on the car, coming up the steps at which appellee would naturally get off, and almost at the same instant that these passengers got on, the train started, and after it got under way appellee attempted to get off, and in doing so, received the injuries complained of. That he was delayed for a short time, by these passengers getting on the train, admits of no doubt. Was the act of trying to get off the train after it started, such negligence on his part as precludes a right of recovery? This was a question of fact for the jury. It was for them to say whether an ordinarily prudent person, under similar circumstances, would have

been likely to pursue the same course. The same thing has no doubt been done thousands of times without accident; we can not say an ordinarily prudent person, under similar circumstances, would not have done the same thing, rather than be carried by his place of destination. The jury had the right to take into consideration all the circumstances appearing in the evidence, including the age and experience of appellee, the length of time the train stopped, the speed at which the train was going when appellee got off, and from all these things determine the question of negligence on the one part and due care on the other.

We do not agree with counsel for appellant that it is negligence *per se* for a passenger to attempt to alight from a moving train. It might or might not be dangerous, depending on the circumstances. As was said by Mr. Chief Justice Lawrence in the case of I. C. R. R. Co. v. Able, 59 Ill. 131. " Cases might occur, however, in which a reasonable opportunity to alight has not been given to a passenger, and when he attempts to do so after the train has resumed its motion, but before the motion has become at all rapid, and the stepping from the train would not seem dangerous to a man of ordinary prudence and judgment, and nevertheless bodily injury follows, in such cases the passenger would be entitled to recover damages for the injury, because the railroad company has committed a flagrant breach of duty, and the passenger is chargeable with no appreciable negligence." So in the case at bar, if it be true the train did not stop long enough to give appellee a reasonable opportunity to alight, under all the circumstances of the case, we can not say his attempting to get off the train after it resumed its motion, was such negligence as prevents a recovery. On the whole we do not feel warranted in setting aside the verdict on these grounds.

One of the injuries to appellee was a rupture, alleged to have been received by him in consequence of his fall when he attempted to alight from the train. On the trial, the court, over appellant's objection, permitted appellee to strip his person and expose this alleged rupture to the jury, and this

is complained of as error. Matters of this nature are largely within the discretion of the trial court. When the question is as to the extent of the wound or injury, it is a common practice to exhibit it to the jury that they may see for themselves its nature and extent. Springer v. City of Chicago, 135 Ill. 563; City of Lanark v. Dougherty, 153 Ill. 165.

We think there was no error in this action of the court.

It is next insisted that the damages are excessive, and the case is argued as if the rupture were the only injury received. But according to the plaintiff's testimony, he was otherwise hurt, in his shoulder, back, and right arm. The jury heard him testify and it is peculiarly within their province to ascertain and fix the compensation he should receive for his injuries. The amount is not so large as to bear evidence of its being the result of passion and prejudice, and we do not think the judgment should be reversed because the damages are excessive.

We do not find any reversible error in the instructions given on behalf of appellee, and those which the court declined to give at the instance of appellant were properly refused.

Finding no serious error in the record, the judgment will be affirmed.