## DAN WEED *vs.* SAMUEL S. CROCKER.

An indenture, by which W. leases and devises " a mill to C. for a term of ten years yielding and paying rent therefor " a certain sum quarterly, to commence two months after this date; and C. " desiring that additions may be made to said mill, proposes to advance the capital necessary for said additions, said advance to be deducted from the rent," and " said C., lessee, agrees to pay an additional rent " for the additions, " of ten per cent. yearly on their cost," and " proposing to hire water power in connection with said

mill, hereby covenants and agrees to pay W." a certain rent semiannually for the water power; and that he will pay the taxes, and not suffer waste, nor " assign the said lease, or underlet, without the consent of the lessor; " and " at the termination of this lease said C. is to have the right of renewing said lease for five years," is a lease, and not an agreement for a lease.

Under a provision in a lease, that the lessor shall erect certain additional buildings, for which the lessee agrees to pay an additional rent " of ten per cent. yearly on their cost," no rent is due until notice to the lessee of the cost of the additional buildings.

In a lease of a paper mill, the lessee covenanted to pay rent for certain water power to be furnished by the lessor, and to put in at his own expense all machinery " except the main shaft and wheel, which is to be furnished by the lessor." *Held*, that the rent was not due until the lessor had furnished the main shaft and wheel.

ACTION OF CONTRACT to recover the rent of a paper mill and water power in Lawrence, from the 1st of January 1854 to the 1st of April 1856, under a sealed agreement, executed by the parties, of which the following are the material parts :

" This indenture, made this first day of October in the year eighteen hundred and fifty three, by and between Dan Weed of Lawrence, and Samuel S. Crocker, witnesseth, that the said Dan Weed hereby leases and demises unto the said Samuel S. Crocker, for the term of ten years," a certain part of the mill, " the said Samuel S. Crocker yielding and paying rent therefor the sum of five hundred dollars per year, payable quarterly, and the rent to commence on the first day of January in the year one thousand eight hundred and fifty four.

" And whereas the said Samuel S. Crocker, desiring that additions may be made to the said mill, namely, one L part for a paper machine, said L to be 38 feet long and 22 feet wide, ceiled, one story high, with a finishing room 20 feet square, with a small addition in front of the main mill, proposes to advance the capital necessary for said additional buildings, and for a small percussion wheel and driving power, to the lessor, said advances to be deducted from the rent of said buildings ; and said Crocker, lessee, agrees to pay an additional rent, for said additional wheel, driving power and buildings, of ten per cent. yearly on the cost of said wheel, driving power and added buildings, in addition to the rent before named of five hundred dollars for the main portion of said mill.

" And the said Samuel S. Crocker, proposing to hire water

power in connection with said mill, hereby covenants and agrees with said Weed to pay said Weed, for thirty seven horse power, the same amount of money which said Weed is required to pay the Essex Company, namely, fifteen dollars per horse power, making $555 for said 37 horse power; and the said Samuel S. Crocker hereby covenants and agrees for himself, his executors and administrators, to and with the said Weed, his heirs and assigns, that he will pay the rent for said water power on the last day of February and the last day of August in each and every year, in semiannual payments.

" And the said Samuel S. Crocker, for himself, his executors and administrators, covenants and agrees with said Dan Weed, his heirs and assigns, that he will pay the taxes on said mill and buildings; that he will not suffer any strip or waste; that he will not assign the said lease, or underlet the whole or any part of the premises to any person, without the consent of the lessor in writing, or of his heirs or assigns; that he will keep the prem- ises in good condition; and that said premises shall only be occu- pied for the manufacture of paper; and that he, the said lessee, will put in, at his own expense, all shafting, gearing, belting and all other machinery in said premises, excepting the main shaft and wheel, which is to be furnished by said Weed."

" At the termination of this lease said Crocker is to have the right of renewing said lease for five years, giving said Weed or his assigns three months' previous notice."

" Said Weed is to have the buildings finished by the 1st of January next."

The declaration, in several counts, alleged that the defendant on the 1st of January 1854 entered into and occupied the part of the mill demised to him, and owed the plaintiff for rent of that part from that day to the 1st of April 1856, at the rate of $500 yearly; and also owed him for water power from the 1st of January 1854 to the 1st of March 1856, at the rate of $555 yearly; and also owed him ten per cent. a year from the 1st of January 1854 to the 1st of March 1856 upon the cost of the additions specified in the lease, and since made by the plaintiff.

The defendant, in his answer, denied the lease, his own entry

19*

and occupation, and any liability for rent or for water power; admitted the execution of the instrument counted upon; but alleged that it was an agreement for a lease, to be thereafter made, if the plaintiff should do certain things which he therein agreed, but had since refused to do ; and that the plaintiff had not performed the stipulations, on his part, above set forth.

The trial was in Essex before *Merrick*, J., who signed a bill of exceptions, so much of which as relates to the points decided was as follows :

" The defendant contended that the said instrument was not a lease, but a contract for a lease.　But the court ruled that it was a lease.

" The defendant contended that the covenants to pay the rents in the lease were dependent upon the covenants or stipulations of the plaintiff.　But the court ruled that the covenants to pay rent for the old part of the building, and for the water power, were independent of the covenants or stipulations of the plaintiff.　As to rent for the new part, the court ruled, that if the defendant occupied the new part, his covenant to pay rent was independent of the covenants of the plaintiff, and that it was not open to him to show that the stipulation to build the new part had not been substantially complied with, by evidence of the state and character of the building, walls and foundation.

" As to the rent of the new part, the defendant contended that no rent was due until demand made, or at least until notice given of the cost of the new part or of the amount of rent claimed.　But the court ruled that the rent was due without such demand or notice."

" As to the rent of the water power, the defendant especially contended that his covenant to pay it depended upon the plaintiff's covenant to furnish a wheel and shaft suitable for the use and application of that power to the machinery.　But the court ruled that it was an independent covenant."

The " court instructed the jury that the instrument was a lease, and that it followed, as matter of law, that the rents declared for were due, to wit: the $500 a year for the old build-

ing, the $555 a year for the water power, and the ten per cent a year on the cost of the new part; and that the latter was due without demand on the defendant therefor, and without notice of the amount due or claimed, and that the plaintiff could recover ten per cent. on the cost, whatever that' might be."

" The jury found for the plaintiff. To the several rulings and refusals to rule the defendant excepts."

This case was argued at Salem at November term 1858.

*R. H. Dana, Jr. & S. B. Ives, Jr.* for the defendant. 1. The instrument declared on was an agreement for a lease, and not a lease. (1.) This question is to be determined by the intention of the parties, and not by any particular form of words. 1 Platt on Leases, 579 *& seq.* Taylor Landl. & Ten. § 37. Chit. Con. (8th Amer. ed.) 313. *Morgan* v. *Bissell,* 3 Taunt. 65. *Perring* v. *Brook,* 1 M. & Rob. 510. (2.) To make it a lease, there must appear to be an intention on the part of the party in possession to divest himself thereof forthwith. 2 Parsons on Con. 24. (3.) As to the new part, there was no " present demise," because it was not in existence when the paper was executed; and further, there are no words of demise at all. (4.) As to the old part, there is no express stipulation to pay rent, as there is in regard to everything else. (5.) The words, " desiring," " proposes to advance," " proposes to hire," &c., show that the parties were looking to a future demise. *Aiken* v. *Smith,* 21 Verm. 172. (6.) As to the water power, there are no words of present demise, or of any demise at all; but merely the lessee " proposing to hire," " covenants and agrees to pay," &c. (7.) The fact, that so much was to be done by the plaintiff before the premises were to be actually occupied, furnishes a presumption that this was but an agreement for a lease. *Morgan* v. *Bissell,* 3 Taunt. 65. (8.) The time when the occupation of the new part and the water power should commence, and the length of the term are not stated in the instrument. (9.) There is no *habendum* as to any part of the premises.

2. If this is a lease of the new part, the amount of the rent was to depend on the cost of the new part; and as that cost was a matter peculiarly and exclusively within the knowledge

of the plaintiff, the defendant was entitled to notice and demand. *Barnes* v. *Parker*, 8 Met. 135.

3. The covenants of the defendant were dependent upon those of the plaintiff. *Liddell* v. *Sims*, 9 Sm. & Marsh. 596. *Peques* v. *Mosby*, 7 Sm. & Marsh. 340. *Greenwood* v. *Ligon*, 10 Sm. & Marsh. 615. *Wright* v. *Smyth*, 4 W. & S. 527. *Adams* v. *Williams*, 2 W. & S. 227. *Dwiggins* v. *Shaw*, 6 Ired. 46. *Grant* v. *Johnson*, 1 Seld. 247. *Howland* v. *Leach*, 11 Pick. 151. *Knight* v. *New England Worsted Co.* 2 Cush. 288. *Fairman* v. *Fluck*, 5 Watts, 516.

*O. P. Lord & D. Saunders, Jr.* for the plaintiff. 1. The instrument declared on is a lease. *Bacon* v. *Bowdoin*, 22 Pick. 401. *Moshier* v. *Reding*, 3 Fairf. 478. *Jenkins* v. *Eldredge*, 3 Story R. 325. *Averill* v. *Taylor*, 4 Seld. 44. Com. Dig. Estates, G. Bac. Ab. Leases, K.

2. There was no necessity for demand or notice of the amount of the cost of the new part of the building. *Burnham* v. *Allen*, 1 Gray, 496.

3. The covenants of the lessor and lessee, so far as they relate to any matters in issue between the parties, are independent covenants. *Couch* v. *Ingersoll*, 2 Pick. 300. *Tileston* v. *Newell*, 13 Mass. 410. *Seers* v. *Fowler*, 2 Johns. 272. *Barruso* v. *Madan*, 2 Johns. 145. *Goodwin* v. *Holbrook*, 4 Wend. 377. *Day* v. *Essex County Bank*, 13 Verm. 97. *Wilcox* v. *Ten Eyck*, 5 Johns. 78. *Hill* v. *Thorn*, 2 Mod. 309.

SHAW, C. J. It is to be regretted that the pleadings in this case are somewhat obscure, and the facts in them stated in such a manner, that it is extremely difficult to understand what questions were intended by the parties to be put in issue. The instrument relied on as a lease, executed by both parties, has so many provisos, stipulations and limitations, that it is difficult to understand the intentions of the parties to it.

1. We can have no doubt that this instrument is a lease. The words are plain and clear, and used in the present tense, " hereby leases and demises." It is expressly for the term of ten years ; and as the rent is to commence on the 1st of January ensuing, it is equivalent to saying that it is for a term of ten

years, commencing on the 1st of January following its date. It is no objection that the term is to commence *in futuro*. It is a familiar principle of law, that a lease may create a term to commence *in futuro;* but, as a general rule, a deed cannot create a freehold to commence *in futuro;* and this is the established distinction.

It will not be necessary to consider all the questions raised by the exceptions ; we shall notice a few of the most prominent.

2. In regard to the rent of the new part of the building stipulated in the lease to be built by the lessor, and for which the lessee stipulated for the payment of ten per cent. upon the cost as rent, the defendant contended that no rent was due until demand made, or at least until notice was given by the lessor to the lessee of the cost of such new part, on which the ten per cent. was to be computed ; but the court ruled that the rent was due without such demand or notice.

The court, on reconsideration, are of opinion that this direction was not correct. The stipulation was to pay a sum, by way of rent for the new part, uncertain at the time it was made, but to be rendered certain by the actual expenditure in the erection. When that should be ascertained, the rent would be made certain by mere computation. But such cost was exclusively within the knowledge of the lessor, who had incurred and paid it. Where a fact, upon which liability to an action depends, lies exclusively or peculiarly within the knowledge of the party entitled to bring an action, the law coincides with the dictate of natural justice, in requiring the creditor to give notice of it. Such notice was peculiarly necessary to the lessee, to enable him to pay his rent at the day, not only to avoid a suit, but to save himself from a forfeiture of his term. The proposal in the lease, that the lessee should advance money for the purpose of building the new part, and take it out of the accruing rents, did not exempt the lessor from the duty of thus giving notice of the cost on which the rent at ten per cent. is to be computed, because he might not pay it at all ; or if he paid money on that account, it might not be the exact amount.

3 The defendant contended that the covenants to pay the

rents in the lease were dependent on the covenants or stipula-
tions of the plaintiff; but the court ruled that the covenants to
pay rent for the old part of the building and for the water power
were independent of the covenants and stipulations of the lessor,
the plaintiff. As to the rent of the new part, the court ruled
that if the defendant occupied the new part, his covenant to pay
rent was independent of the covenants of the plaintiff. And in
another part of the exceptions, it appears that as to the rent due
for water power the defendant specially contended that his cov-
enant to pay it depended upon the plaintiff's covenant to pro
cure a wheel and shaft suitable for the use and application of
that power to the machinery; but the court ruled otherwise.
And further, towards the close of the exceptions, the court
instructed the jury that the instrument was a lease, and that it
followed, as matter of law, that the rents declared for were
due, to wit, $500 for the old building, $555 a year for the
water power, and ten per cent. a year on the cost of the new
part.

We do not see how these rulings can be sustained, considered
in reference to the facts in the case. The premises were leased
for a paper mill, and there was a stipulation by the lessor that
it should be used for no other purpose than the manufacture of
paper. To this purpose water power was essential and indis-
pensable.

Whether covenants in an agreement between parties are
dependent and conditional, or are independent and absolute,
depends somewhat upon the terms, but much more in the na-
ture of the things to be done, and their relations to each other.

Nor is it material in what part of the instrument the condi-
tional stipulation appears, if in its nature the one act must
necessarily precede the other. If there is a mutual agreement
between A and B, A to build a carriage for B at a price agreed,
B enters into a stipulation to furnish A the necessary materials.
The respective agreements are absolute and unconditional in
terms. But it is impossible for A to begin the work until B
furnishes the materials for him to work upon; it follows there-
fore that A's contract is dependent, and he cannot be chargeable

with a breach until B has performed on his part. *Cadwell* v. *Blake*, 6 Gray, 402.

In the present case, the stipulation on the part of the lessor is briefly and somewhat obscurely expressed; but we think it is quite intelligible. It is thus : towards the close of a long paragraph stipulating, among other things, that Crocker will pay said Weed for thirty seven horse power, $555; and that "the said lessee will put in, at his own expense, all shafting, gearing, belting and all other machinery in said premises, excepting the main shaft and wheel, which is to be furnished by said Weed."

As the water power was essential to the entire use of the premises as a paper mill, and as that could only be obtained by a main shaft and water wheel, by which the power was to be created and transmitted to all the rest of the machinery, the furnishing of such a water wheel and main shaft by the lessor was a condition precedent, and the stipulation of the lessee to pay rent was dependent, and the direction in this respect was not correct.

Perhaps, however, the defendant did not put his objection upon the ground that the lessor did not furnish any main shaft and wheel, but that he did not furnish a wheel and shaft suitable and properly adapted to the object. There are no such qualifying terms to the stipulation, but we think they may be fairly implied as the legal effect of the stipulation. The object being to raise and transmit a thirty seven horse power, a stipulation to furnish a wheel for that purpose was equivalent to an engagement to furnish a suitable, proper and sufficient wheel. If such was the intent of the exception, then it appears to us that it would be necessary to discriminate in the instruction to the jury. If the plaintiff furnished no wheel and shaft, it would be a plain failure in the performance of a condition precedent.

But if the lessor did furnish a wheel and shaft, as and for the wheel and shaft stipulated for, and the lessee accepted and went to work with it, and so continued to use it during the time for which rent is claimed, although the lessee shows that it was not suitable and sufficient, still he cannot treat such failure to perform as a breach of condition, which will excuse him from the

payment of rent. The rent is due, and if the lessee has sus-
tained damage, his remedy is on the lessor's covenant.

As the jury were instructed that all the covenants for payment
of rent were independent and absolute, we think that on this
ground, as well as the former, the verdict must be set aside,
and a new trial ordered.