Sterrett, J.,
There is nothing in either of the forty-one specifications of error that requires a reversal of the judgment.
The right of plaintiff below to recover depended on questions of fact which were properly submitted to the jury and by them determined in his favor,. He alleged, and undertook to prove, among other things, that, on March 11th, 1885, in consideration of $400 rent then paid in advance, Brennan executed and delivered to him a lease of the premises therein described, for one year from April 1st then next ensuing: that, before said lease was executed, Brennan had, verbally, leased the same premises for same term to Thomas Tully who was then in possession, under a written lease from Brennan, for three months, commencing January 1st, 1885: that, by virtue of said verbal lease, Tully claimed and rightfully held possession of the demised premises after the expiration of his written lease, and plaintiff below was thus unable to obtain or hold quiet or peaceable possession of the same, according to the terms of his lease, and thereby sustained the damages for which this suit was brought. These and other collateral questions of fact, arising out of the evidence, were fairly submitted to the jury, with full and substantially correct instructions, some of which are complained of in the 22d to 33d specifications inclusive. Referring to the verbal lease to Tully, the learned Judge, in that portion of his charge recited in the 25th specification, rightly said: “ The main question to be inquired into is whether Tully, on the 2d of April, 1885, at the time Jacobs attempted to take, or took, possession of the property, had a right to the possession of the premises. He had no right by reason of his written lease for three months, because that expired on the 1st day of April, 1885. If he had a right there at all, it must have been by reason of the contract which is set up, the oral contract between Brennan and himself, as contained in their conversation at the stable. Is that contract proved ?” etc. That, and other questions of fact, bearing on the case, having been fairly submitted to the jury, were impliedly answered in favor of plaintiff below. Such is the necessary legal inference from the verdict, considered in connection with the clear and explicit instructions of the learned Judge who presided at the trial. It cannot be presumed that the jury, in arriving at their verdict, disregarded any of those instructions. On the contrary, the presumption is that they found all the facts of which their verdict is predicated.
The admission of evidence for plaintiff, and rejection of testi *223 mony offered by defendant below, are the subjects of complaint in a large proportion of the specifications. "Without noticing either of them specially, it is sufficient to say there is no substantial error in any of the rulings of the court on either subject. The evidence admitted was both competent and relevant under the pleadings, and the testimony that was excluded was either irrelevant or incompetent.
The lease sued on contains an implied covenant for quiet,, peaceable and undisturbed possession of the demised premises, as against the lessor himself, and those claiming under him by paramount title. If the lessee is kept out of possession by one having superior title to that of the lessor himself, or if the latter, either before or after executing a lease, does any positive act by which the lessee is kept out of possession, the covenant is broken. Thus in Trull v. Granger, 8 N. Y. 115, where a lease was executed by which possession was to be given at a time certain and the landlord subsequently leased the premises for five years to a third person, who, on the arrival of the time at which the first lease was to commence, refused to give up the premises, and the landlord refused to give possession thereof, it was held that the lessee need not bring ejectment, but could at once sue the landlord for damages. 2 Sharswood’s Leading Cases, etc., 58, 61. As is said in 2d Platt on Leases, 288, the object of such covenants is to protect the lessee against defective title; and they necessarily import that the lessee shall enter and enjoy the premises without the permission of any one. If, therefore, a party make a lease, to commence in praesenti, of premises which belong to another, that other being either a stranger or a person holding under a subsisting demise by the same lessor, an action of covenant lies at once for the lessee.
In this case, the controlling fact, established by the verdict, is that, when Brennan executed the lease in suit and received from Jacobs a year’s rent in advance, he had already, by verbal contract, leased the same premises for same term to Tully, who was then in possession of the premises, and, by virtue of that contract, had a right to hold them as against both Jacobs and .Brennan. There is nothing to show that the verbal lease to Tully was annulled or surrendered.
On the facts established by the verdict, plaintiff had a clear case for recovery of the rent he had paid in advance, and such additional damages as was shown by the evidence. Substantial justice has-been done and the judgment should not be disturbed.
Judgment affirmed. H. J. L.