### MICHAEL GEORGETTI v. AUGUST STEUBER.

Argued June 8, 1910—Decided March 23, 1911.

1. A parol lease for more than three years operates as a demise from year to year; and the refusal of the lessor to permit the lessee to take possession of the demised premises under such a lease will support an action by the lessee for damages resulting therefrom.
2. Such a lease is not affected by that provision of the statute of frauds which declares that no action shall be brought upon a parol agreement that is not to be performed within one year from the making thereof.

---

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCH-ARD and MINTURN.

For the plaintiff, *Thompson & Cole.*

For the defendant, *George A. Bourgeois.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in his declaration sets up a lease made by the defendant to him on the 17th

day of January, 1910, of certain premises in the city of Atlantic City, by the terms of which the defendant granted and demised to him the property described for the term of ten years from the date of the lease at an annual rental of $2,500. He then avers that he demanded possession of the premises pursuant to said letting and that the defendant refused him possession, stating as a reason therefor that he had let the premises to a third person at an increased rent.

To this declaration the defendant pleaded that the lease was a verbal one and was consequently void under the statute of frauds. He further pleaded that the contract set up in the declaration was an agreement not to be performed within a year and so void because no memorandum or note thereof was put in writing signed by him or by any person lawfully authorized by him to do so.

The plaintiff demurs to each of these pleas.

The theory of the defendant so far as the first of these pleas is concerned is that by force of the first section of the statute of frauds a lease for more than three years which is not in writing is invalid. But this is a mistaken idea. A parol demise for longer than three years operates as a demise from year to year. *Drake* v. *Newton,* 3 *Zab.* 111; and such lease is valid although the tenant never enters into possession. *Birckhead* v. *Cummins,* 4 *Vroom* 44. The refusal of a lessor to permit the lessee to take possession of demised premises under a parol lease will support an action brought by the lessee to recover damages for such refusal. *Albey* v. *Weingart,* 42 *Id.* 92. The demurrer to this plea must be sustained.

The second plea also is bad. It is based upon the idea that the first and fifth sections of the statute of frauds are to be read together. A similar contention was made before this court in *Birckhead* v. *Cummins, supra,* and the conclusion there reached was that as section 1 of the statute "Provides in an adequate and complete manner for that class of cases embraced in it such special regulations are not to be affected by the general provision in the fourteenth (now fifth) section." The discussion of the question by Chief Justice Beasley in

his opinion leaves no doubt as to the soundness of the conclusion expressed. The demurrer to this plea must also be sustained.

The plaintiff is entitled to judgment.