WILLIAM W. DONOVAN *vs.* CHARLES E. MALONEY.

1. FRAUDS, STATUTE OF—CONTRACTS WITHIN STATUTE—ORAL EXECUTORY
   CONTRACT—LEASE—"INTEREST IN ·LAND".

   An executory contract to enter into a lease of land in the future relates
to an "interest in land," and, if oral, is unenforceable under Statute of Frauds,
§ 7, relating to contracts for the sale of land.

2. FRAUDS, STATUTE OF—EXECUTED LEASE—PAROL AGREEMENT.

   If possession of the premises was delivered to the tenant and accepted,
pursuant to an unenforceable oral contract to enter into a lease of land for a
year, *in futuro*, the executory contract became executed, and would constitute
a lease for a one-year term, and hence need not be in writing, under *Rev.
Code* 1852, amended to 1893, *p.* 866, *c.* 120, § 2, providing that no demise,
except by deed, shall be effectual for a longer term than a year.

3. PAYMENT—BY CHECK.

   The landlord, by retaining possession of a check sent him by the tenant
as payment for the landlord's share of the crops, until after the bringing of a
suit to recover rent, without any attempt to return the check, estopped him-
self from denying the sufficiency of the check as a tender of rent.

4. ESTOPPEL—ELEMENTS.

   One who, by his conduct, induces another to believe in the existence of a
particular state of facts, and induces him to act thereon to his prejudice, is
estopped from denying the existence of such facts.

5. COSTS—PARTY ENTITLED—SUCCESSFUL PARTY—TENDER OF AMOUNT
   DUE.

   If, in a landlord's action for rent under a lease, the tenant tendered, and
afterwards paid into court, the whole amount which the landlord was entitled
to recover, costs of the suit will be taxed against the landlord; but, if he suc-
ceeded in recovering an amount in addition to the tender, defendant would be
required to pay the costs.         .

6. EVIDENCE—PREPONDERANCE OF EVIDENCE.

   The burden is upon plaintiff to establish his case by a preponderance of
the evidence, which means the greater weight of the evidence, and not neces-
sarily the greater number of witnesses.

                            (*May* 24 1912.)

Judges WOOLLEY and RICE sitting.
*Franklin Brockson* for plaintiff.
*Levin Irving Handy* for defendant.
Superior Court, New Castle County, May Term, 1912.

FOREIGN ATTACHMENT (No. 50, September Term, 1911).
Declaration in debt for rent due on an oral demise.

Statement.

At the trial, Mr. Brockson, counsel for plaintiff, sought to prove the terms of an oral lease or agreement between the plaintiff and the defendant respecting the demise of the plaintiff's farm to the defendant.

*Mr. Handy:* — I object. It already appears that this original agreement was made in October, 1909, and was for a letting of the farm from March 1, 1910, to March 1, 1911. It was therefore a contract which was not to be performed within one year from the making thereof, and action cannot be brought upon such a contract unless it is reduced to writing and signed. While a demise for one year is good in Delaware, if made orally, this alleged contract was not a demise but an agreement to make a demise *in futuro;* being so regarded, it is obnoxious to the Statute of Frauds, because it is a contract in regard to an interest in land. If, however, it be deemed to be a demise instead of an executory contract to enter into a demise, then it is obnoxious to the same statute because it is not to be performed in one year from the making thereof. *Himesworth v. Edwards,* 5 *Harr.* 376; *Tiffany* (under head of "*English Statute of Frauds*") and cases cited.

Brockson for plaintiff replied, contending that the evidence shows that, pursuant to the oral agreement made in October, 1909, the defendant, on March 1, 1910, took possession of plaintiff's farm as tenant thereof, to continue as such tenant for one year from the last mentioned date, under an oral lease.

The contract to make a lease was executed on March 1, 1910, when the defendant took possession of said farm as tenant. Said lease was made to continue for one year only, from March 1, 1910, to March 1, 1911. The plaintiff is endeavoring to recover the balance due him under the terms of said lease. He has the right to prove the terms of the lease, notwithstanding its terms were agreed upon more than three months before said lease went into effect. Oral leases were valid at common law. Oral leases for one year are valid in Delaware.

"No demise, except it be by deed, shall be effectual for a longer term than one year." *Revised Code* (1893) *p.* 866.

"A contract of renting for a year, though respecting an interest in the land, is excepted by the act concerning landlords and

tenants, and may be made by parol." *Himesworth v. Edwards,*
5 *Harr.* 376. *Higgins v. Gager,* 65 *Ark.* 604, 47 *S. W.* 848; *Sears v.
Smith,* 3 *Colo.* 287; *Sobey v. Brisbee,* 20 *Iowa* 105; *Stem v. Nysonger,*
69 *Iowa* 512; *Railsback v. Walke,* 81 *Ind.* 409; *Whiting v. Ohlert,*
52 *Mich.* 462; *Young v. Dake,* 5 *N. Y.* 463, 55 *Am. Dec.* 356;
*Ward v. Hasbrouch,* 169 *N. Y.* 407, 62 *N. E.*434; *McCroy v. Toney,*
66 *Miss.* 233, 5 *So.* 392, 2 *L. R. A.* 847; *Hayes v. Arrington,* 108
*Tenn.* 494, 68 *S. W.* 44; *Richards v. Redelshiiner,* 36 *Wash.* 325, 78
*Pac.* 934; *Steininger v. Williams,* 63 *Ga.* 475.

RICE, J., delivering the opinion of the court:
[1, 2]   The counsel for the plaintiff explained to the court the
purpose of the question asked by the witness, and the reason for
the objection made by the defendant's counsel to this line of tes-
timony was argued at some length.   We have given this matter
the consideration possible during the noon recess.   The oral agree-
ment made between the plaintiff and defendant the last of October,
1909, whereby the defendant by the terms of that agreement was
to enter into possession, of the premises mentioned, on the first
of March, 1910, for the term of one year was an executory contract
to enter into a lease *in futuro.*   Such a contract is an interest in
land under the decision of the court in the case of *Himesworth v.
Edwards,* 5 *Harr.* 376, and by the provisions of *section* 7 of the
statute of frauds is unenforceable because it is not in writing.
But if on the first day of March, 1910, William W. Donovan,
pursuant to the terms of this unenforceable contract, delivered
possession of the premises to Charles E. Maloney and Maloney
accepted the same and went into possession thereof, then the court
is of the opinion that the executory contract became an executed
one, and that the demise of the premises would begin on the first
day of March, 1910, and by the provision of *Section 2, Chapter*
120, *Revised Code, p.* 866, would be for a term of one year and there-
fore need not be in writing.

We therefore overrule the objection and admit the testimony.

RICE, J., charging the jury:
Gentlemen of the jury:—In this action William W. Donovan,
the plaintiff, claims that some time during the month of October,

1909, he entered into an oral agreement with Charles E. Maloney, the defendant, that on the first day of March, 1910, he, the defendant, would become a tenant of the plaintiff on the plaintiff's farm in Blackbird Hundred, this county, and the tenancy would continue from March 1, 1910, until March 1, 1911; that the defendant was to pay to the plaintiff as rent one-half of certain crops to be grown on the farm and in addition he was to furnish the plaintiff enough hay to feed one horse, for one year.

The defendant admits that he did make an agreement with the plaintiff in October, 1909, to enter into a demise of the plaintiff's farm at the time and for the length of time as claimed by the plaintiff, and pursuant to said agreement did enter into possession of the farm as tenant, and remained in possession for the term of the lease; but denies that he obligated himself to furnish to the plaintiff sufficient hay for one horse. The defendant claims, and there has been introduced evidence to show, as he was permitted to do by the pleadings filed in the case, that in January, 1911, the defendant sent to the plaintiff a check for twenty-two dollars and ninety-three cents, together with a statement, which amount he claimed to be the landlord's share of the crops raised on the farm as shown by the statement; that in July, 1911, this suit was brought by the plaintiff against the defendant, and in October, 1911, the plaintiff having kept the check in his possession returned it to the defendant.

The defendant has paid into this court at this trial the sum of twenty-two dollars and ninety-three cents as a fulfilment of his tender to the plaintiff of the amount he admits to be due Mr. Donovan; and the plaintiff admits that his share of the crops, exclusive of the hay for one horse for one year, is the amount tendered by the check, and the amount now held by this court in this case; therefore the only feature of the lease now in controversy for your consideration and determination is whether the tenant did, or did not, promise to furnish to the landlord enough hay to feed one horse for one year.

If you should find from the evidence that Charles E. Maloney did not promise to furnish William W. Donovan the hay for one horse by way of rent, as claimed by the plaintiff, your verdict

Charge.

should be for the plaintiff, but for twenty-two dollars and ninety-three cents only, the amount tendered the plaintiff by the defendant, and by the plaintiff admitted to be the value of his share of the crops other than the hay in controversy.

If you should find that the defendant did promise to furnish the plaintiff the hay for one horse for one year, as the plaintiff claims, you should ascertain from the evidence the quantity of hay necessary for one horse for one year, not exceeding three tons and the value thereof in money, and you should then find a verdict in favor of the plaintiff for a total sum made up of two items: First, the value of the hay as you may find it; and, second, the twenty-two dollars and ninety-three cents admitted to be due.

[3] The plaintiff having kept in his possession the check sent to him by the defendant, from January, 1911, up to and after the time this suit was commenced in July, 1911, in fact until October of the same year, without any effort or attempt on the plaintiff's part to return the same, the law will not permit him now to come into court and object to, or question, the tender, for he is by his conduct and actions estopped from making any such claim. If he had returned the check to the defendant before this suit was commenced, then it would have been possible for the defendant before this action was brought, to pay to the plaintiff the sum of twenty-two dollars and ninety-three cents in such a way and in such form, that objection could no longer be properly, made.

[4] An estoppel is where a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped in such an event as against the latter, to deny that that state of facts does in truth exist. 16 *Cyc.* 680.

The tender made and the principle of estoppel applied to it, in this case, is only pertinent at this time in so far as it affects the costs of the suit.

[5] If you should find that the defendant was indebted to the plaintiff for rent for the sum of twenty-two dollars and ninety-three cents only, at the time the check was sent to the plaintiff, then while the plaintiff is entitled to the money paid into court,

it will be incumbent on the plaintiff to pay the costs of his suit, but if you should find that the defendant was indebted to the plaintiff for rent at the time, not only for twenty-two dollars and ninety-three cents, but for the hay as we have stated it to you, then the costs will follow the judgment and will be upon the defendant. However the question of costs is not a matter for your consideration and is referred to only as an explanation of some of the court's rulings during the trial, and so that you will not be confused thereby.

[6] The burden is upon the plaintiff to establish his case by a preponderance of the evidence and by preponderance is meant the greater weight of the evidence and not necessarily the greater number of witnesses.

Verdict for plaintiff.