MORRIS SCHWARTSMAN *vs.* WILMINGTON STORES COMPANY.

1. FRAUDS, STATUTE of—DECLARATION NEED NOT DISCLOSE COMPLIANCE WITH STATUTE.

A declaration on a contract need not disclose compliance with the statute.

2. FRAUDS, STATUTE of—EXECUTORY AGREEMENT TO MAKE A LEASE AT A FUTURE DATE HELD WITHIN THE STATUTE.

An executory contract to make a lease at a future date must be in writing, under *Rev. Code* 1915, § 2626, requiring contracts concerning any interest in land to be in writing.

3. LANDLORD AND TENANT—WHETHER AGREEMENT CONSTITUTES LEASE OR CONTRACT THEREFOR DEPENDS ON INTENTION.

Whether an agreement, verbal or written, constitutes a lease, or merely an agreement to make a lease at a future date, is a question of intention.

4. LANDLORD AND TENANT—LEASES FOR YEARS NOT SUBJECT TO RULES APPLYING TO FREEHOLD ESTATES.

Leases for years do not involve any transfer of the seisin, and are, therefore, not subject to the rules applying to freehold estates.

5. LANDLORD AND TENANT—THAT LEASE NOT TO TAKE EFFECT IN POSSESSION UNTIL FUTURE DATE DOES NOT MAKE IT MERELY CONTRACT FOR LEASE.

The mere fact that a lease for years is not to take effect in possession until a future date does not affect its validity as a lease, and make it a mere contract for a lease.

6. LANDLORD AND TENANT—ALLEGATIONS HELD TO PLEAD LEASE TO TAKE EFFECT IN POSSESSION IN FUTURE AND NOT MERELY AN EXECUTORY CONTRACT TO EXECUTE LEASE.

Allegations that defendant "did lease, demise, and to farm let unto the plaintiff" described property, "to have and to hold the same unto the said plaintiff for the term or period of one year," and that plaintiff was entitled to possession thereunder at a specified future date, *held* to plead a lease, and not merely an executory contract to execute a lease in the future.

7. FRAUDS, STATUTE OF—ORAL LEASE FOR ONE YEAR TO TAKE EFFECT IN POSSESSION IN FUTURE HELD VALID.

Under *Rev. Code* 1915, § 4534, providing that "no demise, except it be by deed, shall be effectual for a longer time than one year," and in view of *Sections* 4080, 4532, 4533, 4535, an oral lease for one year, to take effect in possession at a future date, *held* valid.

8. LANDLORD AND TENANT—PAROL LEASE FOR TERM OF ONE YEAR, TO TAKE EFFECT IN POSSESSION IN FUTURE, ENFORCEABLE BEFORE ENTRY.

An oral lease for a term of one year, to take effect in possession in the future, *held* enforceable before the lessee goes into possession, as against the contention that, while still executory and before entry, the agreement constitutes merely a contract for a lease, and is, therefore, unenforceable, under *Rev. Code* 1915, § 2626.

9. LANDLORD AND TENANT—LESSEE NOT IN POSSESSION CANNOT RECOVER ON COVENANT FOR QUIET ENJOYMENT.

A lessee who has not acquired possession cannot recover for breach of covenant for quiet enjoyment.

(*January* 24, 1924.)

HARRINGTON and RICHARDS, J. J., sitting.

*William S. Prickett* and *William Prickett* and *Aaron Finger* for plaintiff.

*Herbert H. Ward, Sr.,* (of Ward, Gray and Neary) for defendant.

Superior Court for New Castle County, November Term, 1923.

Summons case, No. 140, May Term, 1921.

Demurrer to plaintiff's declaration.

See 2 *W. W. Harr* (32 *Del.*) 7, 117 *Atl.* 739, for a prior demurrer in this case.

The first and second counts of the declaration alleged, in part, that on the first day of September, 1920, the defendant "did lease, demise and to farm let unto the plaintiff" a certain store property in the City of Wilmington,

"to have and to hold the same unto the said plaintiff for the term or period of one year; beginning on the said first day of September, 1920, and ending on the thirty-first day of August, 1921, at and under a certain rental then and there agreed upon between the said plaintiff and the said defendant; and it was also then and there agreed upon between the said plaintiff and the said defendant that the said defendant would give possession of said premises to the said plaintiff not later than the twenty-fifth day of September, 1920; and the de-

fendant further agreed to allow the plaintiff an abatement in the rental to be paid by the plaintiff for said premises from the said first day of September, 1920, until the date, not later than September 25th, 1920, when the defendant, should and would give such possession as aforesaid; that subsequently, to-wit, on or about the twenty-fifth day of September, 1920, the defendant not being prepared to give possession of said premises to the plaintiff in accordance with its said agreement, it was mutually agreed by and between the said plaintiff and the said defendant, that the time when the defendant should give possession of the said premises to the said plaintiff should be extended until the first day of January, 1921, and it was further then and there agreed by and between the said parties that the defendant should and would allow the plaintiff an abatement in the rental to be paid for the aforesaid premises until the said first day of January, 1921, when the defendant should and would give said possession as aforesaid".

The third count is substantially the same as the first and second counts, except that it also inserted a covenant for quiet enjoyment, on which it expressly declared.

Each count as a breach alleged, in substance, that the defendant refused to comply with the terms of said lease in that he refused to give possession of said property to the plaintiff and instead advised him that he had leased it to another person. It appeared from this as well as from the preceding counts that the plaintiff never went into possession; the basis of his action being the defendant's refusal to give him possession.

The defendant demurred to the whole declaration. The numerous causes of demurrer assigned by him may be summarized as follows:

1st. That though the declaration purports to declare on a lease or demise from the defendant to the plaintiff, it appears that the plaintiff never went into possession of the premises in question; that there was, therefore, no relation of landlord and tenant and no valid demise.

2nd. That the declaration, though alleging that the plaintiff never went into possession of the premises in question, does not aver that the lease declared on was in writing as is required by the statute of frauds.

3rd. That in so far as it may be held that the cause of action averred is not the leasing, demising or to farm letting by the defendant to the plaintiff of the land in question, but merely a promise by the said defendant to the said plaintiff to give posses-

sion of said premises, the said count discloses no cause of action because no consideration is averred for said promise.

4th. The third count declaring on a covenant for quiet enjoyment does not set out a cause of action, as it does not aver that the plaintiff ever occupied or had possession of the premises alleged to have been leased or demised to him.

HARRINGTON, J., delivering the opinion of the Court:—

The first question to be determined is whether the agreement declared on, whatever it may be termed in the declaration, is a lease, or a mere agreement to make a lease. But whatever its legal effect may be, that the plaintiff has expressly declared on the contract made by the parties is clear. If it be a lease, the full leasehold period, alleged to have been created, is within one year from the time such lease was entered into, and no question of its being a contract not to be performed within one year from the making thereof is, therefore, involved or need be considered.

*Section* 2626, *Rev. Code* 1915, which is similar to *Section* 4 of the English Statute of Frauds (29 *Chas.* 11), provides that:

"No action shall be brought whereby to charge any person upon any agreement, etc.   *   *   *   or upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them   *   *   *   unless the same shall be reduced to writing", etc.

[1]   It is not alleged that the agreement declared on, though it be a lease, was in writing. It is, therefore, urged that, as every inference is against the pleader, it must be assumed that it was verbal. It is well settled that the Statute of Frauds can only be relied on as a defense, and that it is not necessary for the declaration to disclose that the statute has been complied with. *Cannon v. Windsor*, 1 *Houst.* (*Del.*) 143 (147); *Shipman's Common Law Pleading*, *p. p.* 445 and 446. We, therefore, can not agree with this contention. But though we are considering the declaration on demurrer, it was admitted at the argument that the alleged lease declared on was oral. As it may be assumed that the same questions would be raised at the trial if not disposed of on

this argument, the case will, therefore, be considered from that
standpoint.

[2] Not being in writing, if the contract set out in the de-
claration merely amounts to an executory agreement to make a
lease at a future date, and not to a present lease or demise to take
effect in possession at a specified future date, it is clearly within
the provisions of *Section* 2626 above quoted, and no action can be
based thereon. *Tilghman v. Fuller,* 13 *Mich.* 113; *Birckhead v.
Cummins,* 33 *N. J. L.* 44; *Matthews v. Wier,* 10 *Del. Ch.* 63, 84
*Atl.* 878; *Archbold on Landlord & Tenant, Star page* 58 (*vol.* 53
*Law. Libr.* 76 and 77); *Washburn on Real Property, vol.* 1, pages
480, 481 and 483; *Tiffany on Landlord & Tenant, pages* 371 to 374.

The distinction between a lease and a contract therefor, under
the English Statute of Frauds, as well as the evils intended to be
remedied by that statute, is also clearly shown by a quotation
from *Sugden on Vendors and Purchasers, in Tiffany on Landlord &
Tenant, vol. 1, page* 223, which is, in part, as follows:

"The first and second sections appear to enact that all interests actually
created without writing shall be void unless in the case of a lease not exceeding
three years, etc. * * * . An actual lease for any given number of years,
whether with or without rent, or any interest uncertain in point of duration,
must, it should seem, equally fall within the provisions of the first section,
and cannot be sustained unless it comes within the saving in the second section.
This, however, would not have prevented all the evils which the act intended
to avoid, for although actual estates could not be created, yet still parol agree-
ments might have been entered into respecting the future creation of them.

"To remedy this mischief, the provision in the fourth section was inserted,
which relates not to contracts or sales of land, etc., but to any agreement made
upon any contract or sale of land, etc., and as agreements are more to be dread-
ed than contracts actually executed, no exception was inserted after the fourth
section, similar to that which follows the first section, and consequently an
agreement by parol to create even such an interest as is excepted in the second
section would be merely void."

Commenting on this paragraph, Tiffany then says:

"Applying this view, a lease comes within the provisions of the first
section, while an executory contract to make a lease is governed by the fourth
section * * * . The English Statute thus distinguishes, as regards the
requirement of a writing, between a lease and a contract for a lease, matters
which in themselves are clearly distinct."

[3] Whether an agreement amounts to a lease or demise, or
to a mere contract therefor, and whether it be verbal or written,

32 Del.]     Schwartsman vs. Wil. Stores Co.          367

Opinion.

is, like any other contract, a question of intention. *Tiffany on Landlord & Tenant, vol.* 1, *page* 374; *Washburn on Real Property, pages* 480 and 481. Though merely a question of pleading, the same principles apply here. The declaration uses the usual and customary language when declaring on a lease by its legal effect. *Tilghman v. Fuller,* 13 *Mich.* 113; *Chitty on pleading, vol.* 2, *page* 550, etc.; *Woodfall on Landlord & Tenant, Star page* 130.

It alleges that the defendant "did lease, demise and to farm let unto the plaintiff" the property referred to, etc., "to have and to hold the same unto the said plaintiff for the term or period of one year, etc."

It specifically defines the beginning and ending of the term, apparently leaving nothing to be done in the future but the delivering and acceptance of possession.

It is true that according to the terms of the original lease possession was not to be given until several weeks in the future, and it is further alleged that by the terms of the lease, as finally agreed upon, possession was not to be given to the plaintiff until January 1, 1921, though such lease is alleged to have been made September 1, 1920.

[4, 5] Leases for years do not involve any transfer of the seisin; they, therefore, are not subject to the rules applying to freehold estates. *Tiffany on Landlord & Tenants, vol.* 1, *page* 48; *Washburn on Real Property, vol.* 1, *page* 468, *S. Page* 293; *Young v. Dake,* 5 *N. Y.* (1 *Seld.*) 463, 55 *Am. Dec.* 356; *Elliott v. Stone,* 67 *Mass.* (1 *Gray*) 571. The mere fact that such a lease is not to take effect in possession until a future date consequently does not affect its validity as a lease, and make it a mere contract for a lease. *Tiffany on Landlord & Tenant, vol.* 1, *page* 376; *Washburn on Real Property, vol.* 1, *page* 481; *Young v. Dake,* 5 *N. Y.* (1 *Seld.*) 463, 55 *Am. Dec.* 356; *Weeks v. Crocker,* 79 *Mass.* (13 *Gray*) 219; *Holley v. Young,* 66 *Me.* 520; *Whitney v. Allaire,* 1 *N. Y.* (1 *Comst.*) 305 and 311; *Tull v. Granger,* 8 *N. Y.* (4 *Seld.*) 115.

[6, 7] While it is often difficult to determine whether a particular agreement was intended to be a lease, or a mere executory contract therefor, the only reasonable construction of the contract

declared on is that it was intended for a lease. But though such a parol lease for one year be declared on, is such a lease valid as a lease?

Prior to the enactment of the English Statute of Frauds verbal leases of corporeal estates, less than freehold, were valid and binding on the parties. This rule was changed by the first section of that statute, which, however, did not make such leases void but merely gave them the effect of leases at will. *Brown on Statute of Frauds, Sec.* 38; *Tiffany on Real Property, vol.* 1, *pages* 103, 107; *Archbold on Landlord & Tenant, pages* 56 and 57 (*vol.* 53 *Law. Libr.* 75 and 76); *Edge v. Strafford,* 1 *Cromp. & J.* 391 (148 *Eng. Reprint,* 1474).

By *Section* 2 of the same act, however, certain verbal "leases not exceeding the term of three years from the making thereof", etc., were expressly excepted from the provisions of *Sec.* 1. *Tiffany on Landlord & Tenant, page* 223; *Woodfalls L. & T. vol.* 1, *page* 127; *Archbold on Landlord & Tenant* (*Supra*).

In *Birckhead v. Cummins,* 33 *N. J. L.* 44, quoting from Sugden on Vend. & Pur., the Court, in substance, said that this exception as to short term leases was for the purpose of convenience and under the impression that such interests would not be a sufficient temptation to induce men to commit perjury.

While the English Statute is not in force in this State, statutory provisions based thereon and similar to *secs.* 2 and 4 of that statute have been enacted.

*Sec.* 4534, *Rev. Code* 1915, which so far as one year leases are concerned, has substantially the same effect as *Section* 2 of the English Statute, provides:

"No demise, except it be by deed, shall be effectual for a longer term than one year."

In construing *Section* 4534, in connection with *Section* 2626 (*Supra*) this Court in *Himesworth v. Edwards,* 5 *Harr.* 376, said:

"That a contract of renting for a year, though respecting an interest in the land, is excepted by the act concerning landlords and tenants and may be made by parol." See also *Doe v. Gray,* 2 *Houst.* 135.

The verbal leases for three years, excepted under *Section* 2 of the Eng. Statute were also held to be excepted from the operation of the contract clause (*Sec.* 4) of that Act. *Lord Bolton v. Tumlin,* 5 *Ad. & E.* 856 (*111 Eng. Repr.* 1391) decided in 1856; *Woodfalls Landlord and Tenant, Star page* 127 *Note; Brown on the Statute of Frauds, Sec.* 36; *Archbold on Landlord & Tenant, Star page* 57 (*vol.* 53 *Law. Libr. page* 76). If *Edge v. Strafford,* 1 *Cromp. & J.* 391 (148 *Eng. Reprint* 1474) is in any way inconsistent with this conclusion, and it is not perfectly clear that it is,—*Bolton v. Tumlin* was decided some twenty-five years later. It would, therefore, naturally follow that verbal leases excepted by the statute may also be as special in their terms as demises in writing. *Archbold on Landlord & Tenant* (*Supra*); *Jones on Landlord & Tenant, Sec.* 147; *Lord Bolton v. Tumlin* (*Supra.*).

Before entry by the lessee, whatever the strict technical relation of the parties to a lease, to take effect in possession immediately or at a future date may be; whether or not before that time an estate, or a mere right, less than an estate, passes to such lessee; and, therefore, whether the relation of landlord and tenant actually begins before entry (*Tiffany on Landlord & Tenant, pages* 48 and 292; *Washburn on Real Property, pages* 468, 469, 472 to 475, etc., 4 *Kent Com.* 97; *Birckhead v. Cummins,* 33 *N. J. L.* 44) need not be decided by us.

The rights of the plaintiff are not based on possession or on the strict relation of landlord and tenant, but on an express stipulation of the oral lease declared on that the defendant would give possession to the plaintiff; the character of his interest is, therefore, immaterial. Nor is any question as to whether a covenant to give possession can be implied, involved. *Schwartsman v. Wilmington Stores,* 2 *W. W. Harr.* (32 *Del.*) 7, 117 *Atl.* 739.

The same principle involved here is applied where the lessee in a written lease is sued for the stipulated rent; it is not necessary to allege or prove entry or occupancy, as the lessee is liable not because of that fact, but by virtue of the lease or rental contract. *Tiffany on Landlord & Tenant,* 1154; *Saunders on Pleading and Evidence, Page* 622; *Chitty on Pleading, vol.* 2, *page* 551.

Opinion

*Note Y*, 552 *Note A.*, *and vol.* 1, 308; *Washburn on Real Property*, 475; *Mayer v. Lawrence*, 58 *Ill. App.* 194.

Whether the fact that the lease declared on is admitted to be verbal, in any way affects this case will be considered hereafter.

*Section* 4532, *Rev. Code* 1915, provides that:—

"Any contract or consent, pursuant to which a tenant shall enter into or continue in possession of land tenements or hereditaments under agreement to pay rent, shall be a demise."

It is contended that this statute is exclusive and that except by deed the relation of landlord and tenant cannot be created in any manner, other than according to its provisions; and that this contention is strengthened when *Sec.* 4532 is read in connection with *Section* 4080 of *Chap.* 123 of the *Code* of 1915.

Entry was not one of the requisites of a valid lease at common law. *Woodfall on Landlord and Tenant*, *Star Page* 127, and cases cited above. Implied tenancies arising from entry and payment of rent were, however, not unknown then. *Id.*, *Star page* 219.

It was also well settled at common law that a mere entry under a lease, void because of the Statute of Frauds or some other statutory provisions, created a mere tenancy at will. *Id.*, *Star Pages* 128, 221, 222, 227, 228. The same rule applied when there was an entry under a mere contract for a lease. *Id.*, *Star Page* 211 and 222. Tenancies at will, as the term implies, gave no certain or stable interest to the lessee; they were not only terminated at common law by the death of the lessor, but by a demand for possession by him. Any inconsistent act by either party such as a sale of the property by the lessor, or an assignment by the lessee had the same affect. *Id.*, *Star Page* 229; *Tiffany on Landlord and Tenant*, *page* 111; *Ellis v. Paige*, 1 *Pick.* (*Mass.*) 43; *McDowell v. Simpson*, 3 *Watts* (Pa.) 129, 27 *Am. Dec.* 338.

But it was also well settled that tenancies at will created by an entry under a void lease or under a mere contract for a lease ordinarily became tenancies from year to year on the terms of the intended lease, so far as applicable, by the occupants paying or agreeing to pay after entry, any of the rent originally agreed upon. *Woodfall*, *Landlord and Tenant*, *Star Page* 221, 227, 228.

*Section* 4533 of the same chapter of the *Code* of 1915, provides that demises, when the term is not expressly otherwise limited, shall be construed to be from year to year, except as to houses and lots usually leased for a shorter time.

*Section* 4534 has already been quoted; it provides that demises for more than one year shall be by deed.

*Section* 4535 provides for the usual three months' notice to quit and the effect of failure to give such notice.

That *Section* 4532 is not exclusive, therefore, seems clear. Whether, and to what extent it is remedial, if at all, or whether merely declaratory, need not be decided by us.

This conclusion certainly is not weakened by *Sec.* 4080 of the forcible entry and detainer act. That section not only provides that a lease under seal, or any written or *verbal letting,* may be given in evidence in support of an alleged demise, but that any contract, etc., —using the language of *Sec.* 4532,— shall be deemed a demise within the meaning of such allegation. It also contains a provision similar to *Sec.* 4533 as to tenancies from year to year, and makes the usual three months' notice to quit applicable to tenancies at will.

*Donovan vs. Maloney,* 3 *Boyce* 453, 84 *Atl.* 1032, hereinafter referred to, and *Stuard v. Apel,* 5 *Houst.* 189, are concrete examples of the application of *Sec.* 4532 when read in connection with *Secs.* 4080, 4533 and 4534 (*Supra*). One was the case of an entry under a mere contract for a lease and the other was an entry under a lease invalid by reason of being defectively executed. Both were held to be binding tenancies from year to year. For another example of an entry under a lease defectively executed, see *Fongera vs. Cohen,* 43 *Hun.* (*N. Y.*) 454.

The Delaware cases of *William v. Cooper,* 4 *Houst.* 453, and *Bonsall vs. McKay,* 1 *Houst.* 520, cited in support of the demurrer, are not inconsistent with this conclusion.

[8] But though the plaintiff declares on a parol lease for one year to take effect in possession several months in the future, can it be urged that such a lease before entry and while still executory, amounts to a mere contract for a lease and is, therefore,

unenforcible under *Section* 4 of the English Statute of Frauds and the contract clause (*Sec.* 2626) of our Statute?

*Edge v. Strafford*, 1 *Cromp. & J.* 391 (148 *Eng. Reprint*, 1474) decided in 1831 may seem to give some support to this contention.

This case is approved in *Union Bank v. Gittings*, 45 *Md.* 181, and the Maryland case is expressly approved in *Childers v. Talbott*, 4 *N. M.* 336, 16 *Pac.* 275.

The English Statute of Frauds was apparently in force in both of these States (*Tiffany on Landlord & Tenant, vol.* 1, *page* 225, *Note* 343) and both cases merely involved suits for rent where the lessee had entered, and the sole question was as to the length of the term agreed on in the lease. In *Larkin v. Avery*, 23 *Conn.* 304, though both the statute and facts were different, there were also some general statements to the same effect. See also *Chitty on Contracts*, 320, and *Washburn on Real Property, Star Page* 646.

*Davis v. Pollock*, 36 *S. C.* 544, 15 *S. E.* 718, however, involved facts similar to the case at issue, and though the English cases were not referred to, the Court held that because of the contract clause of the Statute of Frauds the lessee, under a verbal lease, could not recover for the landlord's failure to give possession.

*Stockburger v. Mosteller*, 4 *Ind.* 461, also involved the precise question raised in this case and followed the English cases, but was, in effect, overruled by *Huffman v. Starks*, 31 *Ind.* 474.

The action in *Huffman v. Starks* was by the lessee against the lessor to recover possession of the premises leased under a verbal lease for one year to take effect in possession in about thirty days in the future. While it differentiated the Indiana statute and held that a verbal lease for one year was not within the contract clause of that statute and was, therefore, good and valid for all purposes, whether the lessee had entered by virtue thereof, or not; it also reviewed and criticized the English cases and their construction of their statute of frauds.

The Court, among other things, with respect to the English Statute, said:

Opinion.

"It is certainly as plain as anything can be that in the statute, a parol lease for a term not exceeding three years, is valid whether executed by taking possession or not   *   *   *   . By its terms, the lessee was to have possession of the premises and the lessor would be entitled to the rents. If binding on one party, it was likewise upon the other. If valid as a lease, it must give the lessee the right to occupy the premises according to its terms and conditions, and a remedy of some kind for the privation of that right would follow. It is a solecism to say that the contract was obligatory and yet that it cannot in any manner be enforced   *   *   *   . Possession is the specific thing for which the lessee contracted and if the law will not give him that, or damages for its privation, it is not perceived how the contract can be held to be binding upon the lessor."

The strength of this position appeals to us.

*Birckhead v. Cummins*, 33 *N. J. L.* 44, is equally important. A verbal lease for five months to take possession three months in the future was made. The lessee did not take possession and was thereafter sued for the rent.

The statute involved was almost identical with the English Statute. The Court reviewed *Edge v. Strafford and* held that it simply decided that by reason of *Sec.* 4 of the English Statute of Frauds, a suit for damages could not be brought on a specific verbal agreement on the part of the lessee to take possession of the demised premises; such an agreement concerning land and being no necessary or usual part of a lease.

This construction of *Edge v. Strafford* is commented on with approval by Tiffany on Landlord & Tenant, 238.

The New Jersey Court takes the view that the exception in the statute of that State, authorizing short term oral leases was complete in itself; that that section was not affected by the contract clause of the same act and that such a lease, being undeniably a contract concerning an interest in land, could never be enforced if the rule were otherwise.

The same conclusion was reached as to the contract and short term leases clauses in *McCroy v. Toney*, 66 *Miss.* 233, 5 *South.* 392, 2 *L. R. A.* 847.

Though the contract and short term oral lease clauses were in separate and distinct chapters of our statute, this Court has apparently taken the same view as that taken by the New Jersey, Indiana and Mississippi Courts, and held that a valid lease for one year could be made by parol. *Harmsworth v. Edwards*, 5

*Harr.* 316 (*Supra*). See also *Jones on Landlord & Tenant, page* 184 *Note.*

It is true that in *Harmsworth v. Edwards* (*Supra*), as well as in *Bolton v. Tumlin* (*Supra*) the lessee went into possession, but certainly no stress was laid on that fact in the Delaware case.

*Edge v. Strafford* (*Supra*) involved a suit for the recovery of rent where the lessee under what appears to be a verbal letting did not take possession. It admits that the short term oral leases, excepted by the English Statute of Frauds, are valid as leases; that whatever remedy may be had upon them as leases may be resorted to and intimates that if the declaration in that case had alleged an unqualified promise to pay rent the plaintiffs could have recovered.

If that be true, how can it be argued that the lessor's contract to give possession gives no enforcible rights to the lessee because of the contract clause of the Statute of Frauds?

Browne on the Statute of Frauds, *Secs.* 37 and 37 A, also discusses the question in detail and intimates that *Lord Denmon in Bolton v. Tumlin* (*Supra*) considered *Edge v. Strafford* and *Inman v. Stamp,* upon which it is based, as involving oral contracts for leases and not as leases.

Whatever the proper explanation of *Edge v. Strafford* may be, the rule that has been drawn from it by some Courts and text writers (to the effect that before entry by a lessee he has a mere contract right) seems to be contrary to the decided weight of American authority. Such rule is also inconsistent with the well established rule that such a lessee has a present right or interest, though when it is to take effect in possession at a future date it may be executory in character; that such interest is more than a mere right and may be granted or assigned by the lessee (4 *Kents' Comm.* 97; 1 *Washburn on Real Property,* 472-474; *Tiffany on Landlord & Tenant, vol.* 1, *page* 290), or sublet by him, (*Tiffany on Landlord & Tenant, page* 48); and that on the death of the lessee before entry his right of entry may be exercised by his executor or administrator. *Washburn on Real Property,* 472; 1 *Tiffany on Landlord & Tenant, Sec.* 37.

*Gillard v. Cheshire Lines Com.*, 32 *Weekly Reporter*, 943 (*Ct. of Ap.*, 1883 and 1884) is a comparatively recent example of this rule. The plaintiff leased a theatre. Before entry the property was so damaged by excavations made by an adjoining owner that its use had to be prohibited by the public authorities. The plaintiff sued the person who caused the injuries to the property. The owner had already recovered damages for his injuries.

BOWEN, L. J., speaking of the rights of the lessee, said:

"When that demise was made to the plaintiff he had vested in him an interest known to the law as an *interesse termini*, that is more than a right of entry; it is an interest which the law recognizes in a future term, coupled with a right to complete that interest by possession. If that was a bare right of action arising out of a contract, it would not give such an interest in the property as probably would entitle the owner to bring an action against anyone who interfered with the property. But it seems to me that the right is a right in *rem*", etc. See, also, *Tiffany on Landlord and Tenant, Sec.* 37, and *Wallis v. Hands, L. R.* (1893) 2 *Ch.* 75 (*No.* 53 *Law Reports*).

It is true that the above citations probably referred to written leases, but the same principles have, in effect been applied in this country to verbal leases. *Young v. Dake*, 5 *N. Y.* 463, 55 *Am. Dec.* 356; *Becar v. Flues*, 64 *N. Y.* 518; *Jones on Landlord & Tenant, Sec.* 153.

The demurrant largely bases his contention on *Donovan v. Maloney*, 3 *Boyce* 453, 84 *Atl.* 1032, and contends that it is inconsistent with this rule; but we do not so construe it.

In that case an oral agreement with respect to the renting of a farm for one year from the following March was made in October; the specific terms of such agreement, however, do not appear. The defendant went into possession at the specified time and was sued for rent. In objecting to the admission of certain evidence, it was claimed by the attorney for the defendant and admitted by the attorney for the plaintiff that the agreement in question was not a lease but merely an agreement therefor, and the court having all the facts before them so held; citing *Harmsworth vs. Edwards* (*Supra*).

Opinion.

Being a contract to make a lease in the future and not a lease, *Donovan v. Maloney* is not inconsistent with our conclusion in this case.

That this is the view of the Judge, who presided at the trial in *Donovan v. Maloney*, is apparent from the fact that he participated in the opinion of the Court on a prior demurrer in this case (2 *W. W. Harr.* [32 *Del.*] 7, 117 *Atl.* 739) which opinion held that the plaintiff, the lessee, had a right of action against the lessor for his refusal to give possession to such lessee.

Our conclusion, therefore, is that a parol lease for one year, such as is set out in the declaration, is good and valid for all purposes, and that the plaintiff can recover damages for the defendant's refusal to comply with his agreement to give possession of the premises in question. *Allery v. Weingart*, 71 *N. J. L.* 92 (58 *Atl.* 87); *Georgette v. Steuber*, 80 *N. J. L.* 463, 79 *Atl.* 257; see also *Schwartzman v. Wilmington Stores Co.*, 2 *W. W. Harr.* (32 *Del.*) 7, 117 *Atl.* 739.

This disposes of the contentions on the first and second counts of the declaration.

[9]   The third count declares on a covenant for quiet enjoyment, though it also appears that the plaintiff never acquired possession.

There are cases that hold that possession is not essential to the application of such a covenant. *Riley v. Hale*, 158 *Mass.* 240, 33 *N. E.* 491; *Friedland v. Myres*, 139 *N. Y.* 432, 34 *N. E.* 1055; *Burington v. Casey*, 78 *Ill.* 317; *Brennan v. Jacobs*, (*Pa.*) 15 *Atl.* 685; *Tiffany* on *Landlord & Tenant*, 537 and 542.

But on a prior demurrer in this same case this Court held that possession was necessary for a covenant for quiet enjoyment to apply. (*Schwartzman v. Wilmington Stores Co.*, 2 *W. W. Harr.* (32 *Del.*) 7.)

There is authority for that conclusion (*Tiffany on Landlord & Tenant*, 543; *Wallis v. Hands* (1893) 2 *Ch.* 75 (*No.* 53 *L. R.*) and we are, therefore, bound by it.

For the reasons above given, the demurrer is overruled as to the first and second counts of the declaration; but is sustained as to the third count.